We have examined the exceptions in the case, but none of them are well taken.

The judgment must be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL REYNOLDS, Respondent, v. FRANK SQUIER, as Commissioner of the Department of Parks of the City of Brooklyn, Appellant.

*A veteran, a city employee, disabled — he should inform the head of the department of his injury and of his intention to return to work — a discharge is proper when there is no work.*

Where a veteran, employed as a painter in the department of parks of the city of Brooklyn, is injured to such an extent that he cannot perform the duties to which he has been assigned, he must, if he desires to retain his position, notify the commissioner, not only of the fact of his injury, but also of his intention to return to his work upon his recovery.

It is not sufficient that the veteran gives notice of the injury to his immediate superior or foreman.

There is no statute which prevents the discharge of a veteran, where the same is made in good faith and because of lack of work for him to do.

APPEAL by the defendant, Frank Squier, as commissioner of the department of parks of the city of Brooklyn, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 29th day of June, 1896, upon the verdict of a jury rendered after a trial at a Trial Term of the Supreme Court held in and for the county of Kings, directing that a peremptory writ of mandamus issue to the appellant requiring him to reinstate the relator as a painter in the department of parks of the city of Brooklyn, and also from an order entered in said clerk's office on the 24th day of September, 1896, denying the defendant's motion to set aside the verdict of the jury and for a new trial made upon the minutes.

*Alexander H. Van Cott,* for the appellant.

*Horace Graves,* for the respondent.

BROWN, P. J.:

The relator, who is an honorably-discharged Union soldier, was appointed as a painter in the department of parks on December 12, 1889, but not for a definite term, and continued in its employment until the accident herein referred to took place. On the 29th day of April, 1894, while going into his own house, in the night time, he fell and broke his arm. He was thereafter unable to work until June 16, 1894, when he applied to the appellant for reinstatement and was refused.

The order appealed from directs that a peremptory writ of mandamus issue to the appellant, commanding him to reinstate the relator as a painter in said department, and permit him to render service as such painter.. In the petition for the writ the relator alleged that when he broke his arm he caused notice thereof to be duly served on the foreman under whom he served, who, as the relator was informed and believed, caused said notice to be brought to the attention of the commissioner of the park department. This statement was denied in the affidavits read in opposition to the motion

for a mandamus, and thereupon an alternative writ was issued. The alternative writ contained the following recital and allegation of facts, upon which the relator claimed the right to be reinstated:

"At the time he became injured, as aforesaid, he sent to the foreman in said department, under whom he served and received orders, due notice thereof, and also notified said foreman, William Hand, that he would be unable to be at work as usual. This notification, made on the following day, namely: Monday, 30th April, 1894, was conveyed by said foreman to the further attention of the department, as said Michael Reynolds was informed and believes.

" That at the date of his said injuries the work that was performed in said department of the nature of petitioner's was sufficient to need the employment of about twelve painters besides the petitioner, and the necessity for the services of such painters for such work was evident from the fact that many were continued until a recent date and up to the time that he placed the protection of his rights in the hands of his present attorney. That in thus curtailing the employment of or transferring to other mechanic lists, the names of such painters, a lack of good faith has been evinced by said department.

" That he is able and willing to render faithful and competent service in his said position and employment; has so performed his duties thereof, and was never dismissed therefrom or suspended, except in manner as afore stated, and never for cause after a hearing had.

" That said commissioner well knew petitioner was and is a veteran soldier, claiming and having claimed preference in employment over other persons not possessing veteran privileges, and who, at the time of the refusal of his demand for restoration to his position, were retained as painters in said department and given preference over him, to wit: Jeremiah Morris, William Hand, William Goodhue and George Slane. Said Slane was employed as a painter, was put to work as such and worked with said Michael Reynolds as such up to the time of his sickness, as aforesaid, in April, 1894. That two of said painters are still retained, one of whom is not a Union soldier, sailor or marine of the late civil war."

These allegations were denied by the appellant in his return to the writ. Thereupon there was a trial at the Circuit and the jury

were instructed to answer two questions: "1. Was the relator so injured as to disable him from performing the duties and services incident to his employment, and did he inform the respondent of the same within a reasonable time? 2. Did the relator voluntarily abandon his employment by the city?"

The first question was answered in the affirmative and the second in the negative, and thereupon a peremptory writ was issued, as hereinbefore stated, pursuant to chapter 716, Laws of 1894, which, in substance, provides that honorably-discharged soldiers and sailors shall be preferred for appointment and employment in all public departments of the cities of the State, and shall be removed only for incompetency.

There was no testimony in the case that the relator ever informed the commissioner of parks that he had been injured and was unable to perform his duties. The testimony was that one William Hand, who was the man from whom the relator received his orders in relation to his work, informed a Mr. Brady, who was Hand's superior officer, that Reynolds had been injured, and that Brady replied that he had heard all about it. But there is no evidence of any kind to show that this information was given to the commissioner.

It was not sufficient, we think, to entitle the relator to keep his position, to merely send word to the appellant that he had been injured. He should have notified the commissioner of his intention to return to his work when he should recover from his injury. But nothing of this character was done. The more serious difficulty, however, in the way of the relator's reinstatement, we think, is that it does not appear that there was any work for him to do when he applied for employment in the month of June. It is not even alleged in the petition that there was work for him to do. The allegation is that at the date of his said injuries the work in the department was such as to require twelve painters besides the relator. But it was alleged that some of the employees had been discharged for lack of work after the accident to the relator, and that by such curtailment of employment a lack of good faith was evinced by the department. Just what was intended by the last allegation is not apparent, unless it had reference to the retention by the department in its employment of one George Slane, who, it was alleged by the relator, was not a Union soldier. Slane, how-

ever, was called as a witness by the relator, and it did not appear that he was not a veteran, or that he was not as much entitled to be retained in the employment of the department as the relator.

Undoubtedly the commissioner had the right to reduce his force of workmen whenever in his judgment the public interest demanded that course, and the preference in employment which is given to veteran soldiers by the statute of the State does not preclude their discharge when made in good faith and for lack of work for them to do. It is not claimed that any person has been appointed in the relator's place, and it was, we think, therefore, incumbent upon him to show that, at the time of his application for reinstatement in the month of June, there was need of his services in the department and work which was required to be done and which he could do.

As there was no proof of these facts we think he failed to make out a case entitling him to be reinstated, and the orders appealed from should be reversed, with costs, and the proceeding dismissed.

All concurred, except HATCH, J., who concurred in the last ground stated in the opinion, and BARTLETT, J., who did not vote.

Orders appealed from reversed and proceedings dismissed, with costs.