## STEINSON v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. November 21, 1902.)

1. ATTORNEYS—NOTIFICATION TO CEASE ACTING—WITHDRAWAL.
    Acquiescence of a client in an attorney continuing to act for him is equivalent to withdrawal of a notification that he would no longer be represented by the attorney.

Appeal from special term; New York county.

Action by George Steinson against the board of education of the city of New York. From an order denying plaintiff's motion for an order enjoining Townsend & McIlvaine or Tompkins McIlvaine from acting as his attorneys, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

George Steinson, in pro. per.
Tompkins McIlvaine, for respondent.

PATTERSON, J. The plaintiff sued to recover a sum of money which he claimed was due him by the defendant for his salary as a teacher in the public schools of the city of New York. At the trial of the action judgment was directed on the merits for the defendant. On appeal to this court that judgment was reversed, and a new trial ordered. 63 N. Y. Supp. 128. The defendant appealed to the court of appeals, stipulating that, in the event of the order of this court being affirmed, judgment absolute should be entered in favor of the plaintiff. The order of this court was affirmed by the court of appeals, and final judgment was so entered. The complaint in the action is signed by Townsend & McIlvaine, attorneys for the plaintiff. In the order of reversal entered in this court Townsend & McIlvaine are named as attorneys for the plaintiff, and in the remittitur from the court of appeals Townsend & McIlvaine are also named as attorneys for the plaintiff. After the entry of judgment upon the remittitur, an execution was issued in the name of Townsend & McIlvaine, as attorneys for the plaintiff, but it seems nothing had been collected upon that execution. The cause was heard in the court of appeals on the 29th of January, 1901. 59 N. E. 300. The remittitur was filed March 19, 1901. The final judgment was entered on the 1st day of April, 1901, and execution was issued on the 23d of July, 1901. Meantime, and in or about June, 1900, and again in January, 1901, the plaintiff notified Townsend & McIlvaine that he would conduct the case for himself, and (in substance) that he did not wish

them to appear for him any longer as attorneys. They had been employed by him upon a written agreement as to their compensation. On the 3d of January, 1901, the plaintiff wrote to these attorneys: "You will please understand from this letter that I do not authorize you to appear in the appeal now pending in the court of appeals, or make any disbursements in my behalf therefor. I also repeat to you my former wishes, made to you, revoking your authority to appear for me in this action." On November 11, 1901, long after the determination of the cause in the court of appeals and the issuing of the execution, the plaintiff moved the court at special term for an order enjoining and restraining Townsend & McIlvaine or Tompkins McIlvaine, as the survivor of that firm, from acting as his attorneys or attorney in this cause, and also restraining the sheriff and under-sheriffs of the county of New York from paying over to Townsend & McIlvaine or to Tompkins McIlvaine any and all moneys collected or that might be collected on the execution, and directing the sheriff to pay over all moneys collected on the execution or that might be collected thereon to the plaintiff personally; and for other relief. That motion came on to be heard upon affidavits interposed both by the plaintiff and in behalf of Townsend & McIlvaine and Mr. McIlvaine. The motion was denied, for the reason, as stated in the order, that, according to the remittitur of the court of appeals, Townsend & McIlvaine were still the plaintiff's attorneys of record, and therefore authorized to issue the execution and receive the proceeds, and, in any event, that no substitution was ever entered, or provision made for the protection of the attorneys' lien. From that order this appeal is taken.

It is unnecessary to consider any of the matters suggested by the appellant as legal propositions affecting this appeal, for it is abundantly established by the record that, even if the plaintiff had the intention to dismiss his attorneys, or to withdraw from them the authority to represent him in the court of appeals, he abandoned that intention, and permitted them to continue to represent him until the final stage of the litigation. Notwithstanding the notification of the 3d of January, 1901, and of the preceding notification, he allowed the attorneys to go on and prepare the briefs, and to take charge of the argument in the court of appeals. Not only does the remittitur from the court of appeals so recite, but it is shown by affidavits that the plaintiff went to Albany when the case was about to be reached in the court of appeals; that he allowed Mr. McIlvaine to take part in the argument; that he (the plaintiff) was not present at the argument; that he left before the case was reached; and, as Mr. McIlvaine says, it was argued by Mr. Eustis and himself, with the express approval of Mr. Steinson before his departure, and that statement is not contradicted by the plaintiff. Thus it appears that the plaintiff acquiesced in Townsend & McIlvaine or Mr. McIlvaine continuing to act for him. That acquiescence was tantamount to a withdrawal of his notification that he would no longer be represented by that firm or its surviving partner. He did nothing really to change that attitude until November 11, 1901, when he made this

motion, which is suggestive of a desire to get the whole of the proceeds of the recovery in his own hands, without regard to the plainly established rights of those through whose efforts and services that recovery was had.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.