There is less interference with the light, the noise is not as troublesome, the access is the same as if the structure was of the usual height, and the physical annoyance generally to the comfort of the occupants of the building is not as great. The testimony warrants the conclusion that the operation of express trains upon the third track aggravates the noise. Apparently, these trains add to the physical damage from noise. In this connection it is not to be forgotten that noise is an element that has no direct bearing upon the fee values. It would seem that additional physical damage from the extra noise is only, as has been said, apparent, for I look over the testimony in vain to find any actual damage to the rental value that can be attributed to this source. The premises rent just as well since the construction and operation of the third track as before. The plaintiff says the rents of the flats have always been the same, and the rent of the store, as already stated, has increased materially since the running of the express trains. Moreover, it may be said that, as the defendant is not limited in the number of trains that may pass over its road, if the third track did not exist more trains would be run upon the remaining two tracks. I have carefully compared the values of the property in the neighborhood, upon adjacent avenues and streets, as given by the various witnesses, with the value of the plaintiff's property, and cannot find that the plaintiff has not shared in the general increase of values shown to have taken place in property generally in that vicinity off the line of the defendant's road. I think the plaintiff made a good purchase when he bought the property in suit, and should congratulate himself upon the handsome return it has yielded him. Although the plaintiff's easements have been interfered with by the defendant, it must be held that the plaintiff has been fully compensated therefor by the resulting benefits of defendant's acts, and has suffered no pecuniary injury for which he is entitled to compensation; and, since the defendant's road has been built with full authority of law, and now exists and is being operated by like authority, the plaintiff has no equitable cause of action. The plaintiff has failed to show any loss of rental values, due to the defendant's acts during his ownership. For these reasons the complaint must be dismissed. No costs.

(9 Misc. Rep. 338.)

COOK v. MAYOR, ETC., OF CITY OF NEW YORK.

(Superior Court of New York City, General Term.    July 2, 1894.)

MUNICIPAL CORPORATIONS—DISCHARGE OF EMPLOYES.

A guard on Blackwell's Island who is "relieved from duty" is thereby discharged, and his pay ceases from that time.

Appeal from jury term.

Action by Otto Cook against the mayor, etc., of the city of New York. The complaint was dismissed, and plaintiff appeals.

The opinion of McADAM, J., below is as follows:

The plaintiff was appointed one of the guards at Blackwell's Island on January 8, 1885, at $550 a year, which rate was subsequently increased to

$600. The plaintiff performed services until June 29, 1886, when he was "relieved from duty." He received pay till June 30, 1886, which included all services actually rendered. The action is to recover the stipulated compensation from that time, on the legal fiction that, although he performed no services and had no duties, he was never actually discharged from the place, hence his right to pay continued to run ad infinitum; and this claim is based upon the cases of Gregory v. Mayor, etc., 113 N. Y. 416, 21 N. E. 119, and Emmitt v. City of New York, 128 N. Y. 117, 28 N. E. 19. Those decisions have certainly invited much litigation, but the principles decided thereby were never intended to embrace the horde of claims which have been made under them. The plaintiff alleges in his complaint and proved at the trial that he was relieved from duty, which impliedly assumes that he was legally so relieved, and the term "relieved from duty," as applied to the character of his employment, is tantamount to "discharge," for it meant that, and nothing less. The right to pay in such an employment is inseparable from duty, and, when the plaintiff was relieved from the exercise of the earning power, he was effectually discharged from the service altogether. Web. Dict. He acted on this assumption when he sought a civil-service examination for a position on the police force, for in his written application he described his previous employment as "guard, etc.," and gave, as the cause of "leaving," "relieved from duty." It was never intended by any adjudicated case to hold that persons in subordinate employments, like that of the plaintiff's, should, after being relieved from duty, recover from the municipality pay as upon full performance of service, nor is there any legal warrant for any such interpretation of the law. The rule (to which there are not many exceptions) is "no work, no pay," founded on the just principle that the one is a just equivalent for the other. The conclusion reached is in accord with the rulings in Gore v. Mayor, etc. (Super. Ct. N. Y.) infra, and Kelly v. Same (Sup.) 24 N. Y. Supp. 1, in both of which cases the right of recovery was denied, though the claims were entitled to as much, if not more, consideration than the one in suit. It follows that there must be judgment for the defendant. Requests to find passed upon and filed; 60 days to make a case, and a like stay of execution after service of notice of entry of judgment.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

F. G. Hillhouse, for appellant.

W. H. Clark, for respondent.

PER CURIAM. The judgment should be affirmed, with costs, upon the opinion filed by the learned judge below.

---

## GORE v. MAYOR, ETC., OF THE CITY OF NEW YORK.

(Superior Court of New York City, Jury Term. January, 1893.)

Action by Charles B. Gore against the Mayor, etc., of the city of New York.

McADAM, J. The plaintiff was appointed "leveler" by the department of parks, December 16, 1885, at an annual salary of $900, and was "suspended" January 16, 1886. He was paid for all services actually rendered, and sues to recover salary until July 7, 1892, upon the theory that under Gregory v. Mayor, 113 N. Y. 416, 21 N. E. 119, "suspension" is not equivalent to "discharge," hence his pay continued, though he did no work. In that, as in the Emmitt Case, 128 N. Y. 117, 28 N. E. 19, the plaintiff held an "office," within the meaning of that term; yet neither its tenure nor salary was fixed by statute. The court regarded the salary as belonging to the incumbent, as an incident of his office, irrespective of the quantum of service rendered. The principle was clearly enunciated in Fitzsimmons v. City of Brooklyn, 102 N. Y., at page 538, 7 N. E. 787, as follows: "We have often held that there