GEORGE STEINSON, Respondent, *v.* THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.

| 165 | 431 |
| f167 | 87 |
| 167 | 88 |

NEW YORK CITY — ASSISTANT TEACHER IN PUBLIC SCHOOLS — AN EMPLOYEE, NOT AN OFFICER — ACTION FOR SALARY. An assistant teacher in the public schools of the city of New York who possesses an unrevoked license from the state superintendent of public instruction licensing him to teach in any public school in the state of New York, and, therefore, whose employment by ward trustees was authorized, is not a public officer but an employee, and if discharged without right or cause may maintain an action for his salary; and a prior application for a peremptory writ of mandamus to compel its payment, which was denied, is not a bar to the action.

*Steinson* v. *Bd. of Education*, 49 App. Div. 143, affirmed.

(Argued January 16, 1901; decided January 29, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 31, 1900, reversing upon the law and facts a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury, and granting a new trial.

The action is brought to recover salary due to the plaintiff as a teacher in the public schools of the city of New York for six years prior to the commencement of this action, July 15, 1896.

In September, 1887, plaintiff applied to the board of school trustees of the first ward of the city of New York for a position as an assistant teacher, and presented as evidence of his qualifications a license from the state superintendent of public instruction issued in July, 1883, then and still unrevoked, licensing him to teach in any public school in the state of New York, and also a so-called *provisional* license issued by the city superintendent of schools of the city of New York and the school inspectors, dated October 9th, 1886, for a term of six months, which license, at the date of his application to the board of trustees of the first ward, had then expired. His

application was granted, and in September, 1887, he was
employed by the ward· trustees as an assistant teacher at a
salary of $1,728 per annum, and assigned to grammar school
No. 29. In this position he continued to serve until March
12th, 1890.

On January 13th, 1890, the plaintiff was served with a
notice advising him that a resolution had been adopted trans-
ferring him from the position of permanent assistant to that
of an additional teacher. This notice came from the board of
school trustees of the first ward. From their determination
he took an appeal, as provided by ;the Consolidation Act, to
the board of education, which referred the appeal to its com-
mittee on teachers. The committee reported that the plain-
tiff be restored·to his permanent position, and that he could
not be removed to the additional list, and on March 5th, 1890,
the defendant adopted the report.

On March 12th, 1890, the city superintendent of schools
served upon the plaintiff the following notice : " You are
hereby notified that the period for which you are licensed as
a teacher will expire Wednesday next, the 12th inst."

On March 12th, 1890, the plaintiff attempted to go to his
class room and was physically prevented by the principal of
the school, acting under the city superintendent's directions.

In January, 1891, his motion for a peremptory writ of man·
damus, requiring the board of education to pay salary claimed
to be due him as assistant teacher, was denied.

The defendant claims that the plaintiff's provisional license
had been renewed at intervals of six months, the last of which
expired on March 12th, 1890. These alleged renewals were
by *ex parte* entries of the city superintendent in his own
books, of which the plaintiff was not notified.

From the action by the city superintendent an appeal was
taken to the state superintendent, who sustained the appeal,
holding that the plaintiff could be removed only after trial
with notice, in accordance with the provisions of the Consoli-
dation Act. The plaintiff tendered his services, and has ever
since been ready to render them.

*John Whalen, Corporation Counsel (Theodore Connoly* and *Terence Farley* of counsel), for appellant. The city superintendent, under the provisions of the Consolidation Act, had clearly the right to issue the provisional licenses. (*People ex rel.* v. *Martin,* 152 N. Y. 316; *People ex rel.* v. *Board of Police Comrs.,* 155 N. Y. 40; *Blandon* v. *Moses,* 29 Hun, 606; *O'Connor* v. *Francis,* 42 App. Div. 375.) The statute authorized no appeal to the state superintendent in relation to the failure of the city superintendent to renew the plaintiff's license. (L. 1882, ch. 410, § 1040, subd. 2.) Apart from the power conferred upon the city superintendent by the by-laws of the board of education to grant provisional licenses, that power is necessarily incident to those specified in the Consolidation Act, and is essential to the purposes and objects of corporate existence of the defendant. (*Le Couteulx* v. *City of Buffalo,* 33 N. Y. 333, 336; *Vil. of Carthage* v. *Frederick,* 122 N. Y. 271; *People ex rel.* v. *Cram,* 50 App. Div. 380; *Mayor, etc.,* v. *Sands,* 105 N. Y. 210; *Stief* v. *Hart,* 1 N. Y. 20; *People* v. *Hicks,* 15 Barb. 153; *People ex rel.* v. *Chapin,* 105 N. Y. 309; *Armstrong* v. *Vil. of Fort Edward,* 159 N. Y. 315; *Allen* v. *Sisson,* 66 Hun, 140; *Gregory* v. *Mayor, etc.,* 113 N. Y. 416.) The refusal of the city superintendent to renew the plaintiff's license is final and conclusive, and cannot be attacked collaterally in this action. (*Wood* v. *Mayor, etc.,* 23 J. & S. 230; 124 N. Y. 627; *McManus* v. *City of Brooklyn,* 5 N. Y. Supp. 424; *Van Valkenburgh* v. *Mayor, etc.,* 49 App. Div. 208.) In this action the title to the position claimed to be held by the plaintiff is necessarily an issue, and under well-settled rules of law that question cannot be tried in an action to recover salary. (*Hadley* v. *Mayor, etc.,* 33 N. Y. 603; *Hagan* v. *City of Brooklyn,* 126 N. Y. 643; *Douglas* v. *Bd. of Education,* 21 App. Div. 209; *Van Valkenburgh* v. *Mayor, etc.,* 49 App. Div. 208; *Conner* v. *Mayor, etc.,* 5 N. Y. 285; *Smith* v. *Mayor, etc.,* 37 N. Y. 518; *People ex rel.* v. *Bd. of Police Comrs.,* 27 Hun, 261; *Stuhr* v. *Curran,* 44 N. J. L. 181; Throop on Public Officers, § 443; Mechem

on Public Officers, § 465; 19 Am. & Eng. Ency. of Law, 525, 531; *Steubenville* v. *Culp*, 38 Ohio St. 18; 43 Am. Rep. 417; *McVeany* v. *Mayor, etc.*, 80 N. Y. 185.) An examination of the general school laws of this state will show that it was the legislative intention that they have no application to this city. (*People ex rel.* v. *Bd. of Town Auditors*, 126 N. Y. 528; *People ex rel.* v. *Bd. of County Canvassers*, 77 Hun, 372; 143 N. Y. 84.)

*Tompkins McIlvaine, John E. Eustis* and *Howard S. Gans* for respondent. Plaintiff's position was a permanent one, and he could be removed only in the manner expressly provided by the statute. (L. 1882, ch. 410, §§ 1022, 1039.) Plaintiff did not require a city superintendent's license, and the state superintendent's license was sufficient qualification. (*People* v. *Casegeanda*, 15 Misc. Rep. 325; *Palmer* v. *Aldridge*, 16 Barb. 131; *Porter* v. *Waring*, 69 N. Y. 250; *Josh* v. *Marshall*, 33 App. Div. 77.) The attempt on the part of the city superintendent to limit the term of the license was a purely unwarranted usurpation of power. (*Hillen* v. *Iselin*, 144 N. Y. 365; *Austin* v. *Oakes*, 117 N. Y. 577; *Alexander* v. *Alexander*, 2 Ves. Sr. 644.) The action is properly brought to recover salary. (*People ex rel.* v. *Dalton*, 158 N. Y. 204; *O'Hara* v. *City of New York*, 46 App. Div. 518; *Fitzsimmons* v. *City of Brooklyn*, 102 N. Y. 536; *People ex rel.* v. *French*, 91 N. Y. 265; *McVeany* v. *Mayor, etc.*, 80 N. Y. 185; *Nichols* v. *MacLean*, 101 N. Y. 526; *Hagan* v. *City of Brooklyn*, 126 N. Y. 643; *Smith* v. *City of Brooklyn*, 6 App. Div. 134.)

LANDON, J. The plaintiff was not an officer, but an employee. His employment was contractual, and his proper remedy is by action. Mandamus would not lie as of strict right, and might be refused in the discretion of the court; hence the former denial of that remedy does not bar the present action.

His state certificate was conclusive evidence of his qualifica-

tions to teach, and hence his employment, without more, was authorized.

His provisional certificate had expired before he was employed. The Appellate Division, in reversing upon the facts, is presumed to have held upon the conflicting evidence that it was not renewed. If it had been renewed, the only effect that could be given to it, in view of his having a state certificate, would be to support the inference that he contracted for employment with reference to its limited term. This inference is not here permissible.

The plaintiff's employment was subject to no other limit of time than the power of removal for cause, vested in the defendant and its officers, and the power of the state superintendent to revoke his state license. The plaintiff was discharged without right or cause and is entitled to recover.

The appeal might be dismissed, but as we do not think a new trial, pursuant to the order of the Appellate Division, necessary, we conclude to affirm, thus giving effect to the defendant's stipulation for judgment absolute.

The order should be affirmed, and judgment absolute ordered for plaintiff on the stipulation, with costs.

BARTLETT, HAIGHT, MARTIN, VANN and CULLEN, JJ., concur; PARKER, Ch. J., not voting.

Order affirmed, etc.