ECKERSON v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. February 6, 1903.)

1. MUNICIPAL CORPORATIONS — VETERAN LABORERS—ABSENCE—RECOVERY OF WAGES.
    A veteran taken from the civil service list and employed in the department of parks in the city of New York for several years at a wage of $2 per day, payable weekly, is not an officer of the city, nor an incumbent of the office to which a salary is attached, so as to entitle him to recover such wages for time lost on account of sickness.

2. SAME—ACTIONS—APPEAL—GENERAL EXCEPTIONS.
    Where there was only one conclusion of law, and that was entirely erroneous, a general exception thereto was sufficient to authorize a review thereof on appeal.

Appeal from trial term, New York county.

Action by Charles W. Eckerson against the city of New York. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Theodore Connoly, for appellant.
Charles Blandy, for respondent.

McLAUGHLIN, J. There is substantially no dispute between the parties as to the material facts involved in this appeal, the ques-

tion presented being one of law. The facts, so far as they are material, are as follows: The plaintiff is an honorably discharged veteran of the late Civil War. During the year 1901 he was employed by the city of New York as a day laborer in the department of parks at $2 per day, having been taken from the civil service list. His wages were paid at the end of each week, for which in each instance he gave a receipt to the effect that the payment made was in full for services rendered to that time. By reason of illness he did not work during the week ending January 18, 1901, and between that time and the 1st of April following, for the same cause, there were 19½ days that he did not work; making in all 25½ days. He claims that he is entitled to be paid for that time, and has brought this action to recover the sum of $51 from the defendant, upon the theory that his employment constituted him an officer of the municipality, and that the wages agreed to be paid were an incident to his office. The plaintiff was originally employed in May, 1895, by the park commissioner of the city of Brooklyn, as a laborer; has since continued and now is in such employment, being employed by the greater city after the consolidation took effect. His wages were regularly paid to him down to the commencement of this action, and during all of the time he was only paid for the work which he actually performed; nor did he make any claim, before the one in suit, that he was entitled to be paid for the time that he was ill or absented himself. The trial court, basing its decision upon the case of O'Hara v. City of New York, 46 App. Div. 518, 62 N. Y. Supp. 146, affirmed in 167 N. Y. 567, 60 N. E. 1117, held that the plaintiff's contention was right, and directed judgment against the city for the amount claimed, from which it has appealed.

We are of the opinion that this judgment should be reversed. The plaintiff was not an officer of the city in any sense of the word. His right to receive wages was by virtue of a contract, either express or implied. A public office exists, if at all, either by a constitutional provision or else by the fiat of the legislature, or by some body or board to which the legislature has delegated the power to create an office. Meyers v. City of New York, 69 Hun, 293, 23 N. Y. Supp. 484. It is not claimed that there is such an office as day laborer in the city of New York, created in this way, and therefore the plaintiff is not entitled to receive from the city the amount for which a recovery has been had upon the theory that it is the salary attached to or an incident of his office. If the plaintiff is entitled to recover at all, it must be by virtue of his employment alone, and this employment manifestly, even though he was taken from the civil service list, did not create an office or him an officeholder. He neither took an oath of office, nor did he assume the obligation to perform any particular specific duties. His employment constituted simply a contract between him and the city, under or by virtue of which he was entitled to receive, for services rendered upon the one hand, the compensation agreed to be paid upon the other. Higgins v. City of New York, 131 N. Y. 128, 30 N. E. 44; Cook v. City of New York, 9 Misc. Rep. 338, 30 N. Y. Supp. 404, affirmed in 150 N. Y. 578, 44 N. E. 1123; Quintard v. City of New York, 51 App. Div. 233, 64 N. Y.

Supp. 904; Downs v. City of New York; 75 App. Div. 423, 78 N. Y. Supp. 442; Driscoll v. City of New York (decided at December term, not yet officially reported) 79 N. Y. Supp. 479. There is always, in a contract for personal services to be rendered, in the absence of an express provision to the contrary, an implied condition that the right to receive the wages depends upon the service being rendered. The plaintiff, when he entered into the employment of the city, knew this, and acted upon it; and this is clearly evidenced by the fact that for several years his wages were paid to him upon this basis, to which he not only made no objection, but gave a receipt in full, showing his acquiescence. Nor is there anything in the statutes relating to veterans, which, in case of their employment, takes them out of the general rule. Notwithstanding these statutes and their preference in employment, it still remains lawful for a municipality to fix the terms of service and the wages to be paid by contract. A veteran may be employed temporarily, and sent away when he has finished with his work, or when funds are exhausted. People v. Squier, 10 App. Div. 415, 42 N. Y. Supp. 1. The place which he occupies may be abolished. People v. City of Brooklyn, 149 N. Y. 215, 43 N. E. 554; People v. Scannell, 48 App. Div. 445, 62 N. Y. Supp. 930, affirmed in 163 N. Y. 599, 57 N. E. 1121. Nor need another place be created for him. In re Breckenridge, 160 N. Y. 103, 54 N. E. 670. Nor is there in this case any real dispute as to the rights of a veteran. The plaintiff has not been removed from the service. His preference over other employés has been observed, as well as every other right conferred upon him by statute. The case relied upon as sustaining the judgment (O'Hara v. City of New York, supra) is clearly distinguishable from this one. There a veteran of the Civil War was appointed a cleaner in the department of public buildings, and subsequently detailed at a salary of $14 a week as a watchman in the county courthouse, and by virtue of the veteran acts and the Greater New York charter became entitled to serve during good behavior. He was wrongfully removed from his position, and pending proceedings taken for his reinstatement he tendered from time to time his services to his superior, which were refused, and it was held, after he had been reinstated, that he could recover the salary for the period during which he had been unlawfully suspended, inasmuch as it has not been paid to any one else. Here the plaintiff has not been removed from his position, and the days for which he was not paid he was neither able nor willing to render any service. The O'Hara Case falls far short of holding that, where a laborer is employed, as the plaintiff was, he is entitled to receive wages, even though no services were rendered. What the court held in that case was that a laborer, employed as O'Hara was, in the position to which he was assigned, was entitled to recover his salary, inasmuch as he was unlawfully prevented by an act of his superior from rendering any service.

But it is said that we are not at liberty to examine the appeal on the merits, inasmuch as there is no proper exception to the findings of fact and conclusions of law. There would be force in the suggestion were it not for the fact that the conclusion of law is all wrong, and in this respect the case is clearly distinguishable from Drake v.

Iron Mine, 156 N. Y. 90, 50 N. E. 785. There some of the conclusions were good and some bad, and the court held that a general exception to all of the findings or conclusions of law did not raise any question; and manifestly it could not, inasmuch as some were good. The purpose of an exception is to point out the errors complained of, and upon which the party will rely on the appeal. Hunter v. Railway Co., 141 N. Y. 281, 36 N. E. 400. Here there is only one conclusion of law, and, that being bad, we think a general exception is sufficient. Todd v. Nelson, 109 N. Y. 323, 16 N. E. 360.

The judgment appealed from, therefore, must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.