CHARLES W. ECKERSON, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

*A veteran on the civil service list employed as a day laborer at a per diem wage — he is not entitled thereto when sick and unable to work — he is not a city officer — general exception to a decision having but one conclusion of law.*

An honorably discharged veteran of the Civil war, taken from the civil service list and given employment as a day laborer in the department of parks in the city of New York at two dollars per day, is not entitled to recover wages for days upon which he is incapacitated from working by reason of illness, particularly where it appears that, for a number of years, he accepted, without objection, wages for only such days as he worked, and gave receipts acknowledging payment in full.

The employment of the day laborer does not constitute him an officer of the municipality whose wages are an incident to his office, but simply creates a contract between him and the city under which he is only entitled to receive compensation for such services as he renders.

A public office can only be created by a constitutional provision or by a fiat of the Legislature, or by some board or body to which the Legislature has delegated the power to create an office.

Where the decision, rendered after a trial before a court without a jury, contains but one conclusion of law, a general exception to such conclusion is sufficient to entitle the person taking the exception to review its correctness on an appeal from the judgment entered thereon.

APPEAL by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 11th day of June, 1902, upon the decision of the court rendered after a trial at the New York Trial Term, a jury having been waived.

*Theodore Connoly*, for the appellant.

*Charles Blandy*, for the respondent.

McLAUGHLIN, J.:

There is substantially no dispute between the parties as to the material facts involved in this appeal, the question presented being one of law. The facts, so far as they are material, are as follows: The plaintiff is an honorably discharged veteran of the late Civil war. During the year 1901 he was employed by the city of New York as a day laborer in the department of parks at two dollars per

day, having been taken from the civil service list. His wages were paid at the end of each week, for which, in each instance, he gave a receipt to the effect that the payment made was in full for services rendered to that time. By reason of illness he did not work during the week ending January 18, 1901, and between that time and the first of April following, for the same cause, there were nineteen and one-half days that he did not work, making in all twenty-five and one-half days. He claims that he is entitled to be paid for that time, and has brought this action to recover the sum of fifty-one dollars from the defendant, upon the theory that his employ-ment constituted him an officer of the municipality, and that the wages agreed to be paid were an incident to his office. The plaintiff was originally employed in May, 1895, by the park commissioner of the city of Brooklyn as a laborer, has since continued and now is in such employment, being employed by the greater city after the consolidation took effect. His wages were regularly paid to him down to the commencement of this action, and during all of the time he was only paid for the work which he actually performed, nor did he make any claim — before the one in suit — that he was entitled to be paid for the time that he was ill or absented himself. The trial court, basing its decision upon the case of *O'Hara* v. *City of New York* (46 App. Div. 518; affd., 167 N. Y. 567), held that the plaintiff's contention was right and directed judgment against the city for the amount claimed, from which it has appealed.

We are of the opinion that this judgment should be reversed. The plaintiff was not an officer of the city in any sense of the word. His right to receive wages was by virtue of a contract, either express or implied. A public office exists — if at all — either by a con-stitutional provision or else by the fiat of the Legislature, or by some body or board to which the Legislature has delegated the power to create an office. (*Meyers* v. *Mayor*, 69 Hun, 293.) It is not claimed that there is such an office as day laborer in the city of New York, created in this way, and, therefore, the plaintiff is not entitled to receive from the city the amount for which a recovery has been had upon the theory that it is the salary attached to or an incident of his office. If the plaintiff is entitled to recover at all, it must be by virtue of his employment alone, and this employment, manifestly, even though he was taken from the civil service list, did

not create an office or make him an office holder. He neither took an oath of office nor did he assume the obligation to perform any particular specific duties. His employment constituted simply a contract between him and the city, under or by virtue of which he was entitled to receive, for services rendered upon the one hand, the compensation agreed to be paid upon the other. (*Higgins* v. *Mayor*, 131 N. Y. 128; *Cook* v. *Mayor*, 9 Misc. Rep. 338; affd., 150 N. Y. 578; *Quintard* v. *City of New York*, 51 App. Div. 233; *Downs* v. *City of New York*, 75 id. 423; *Driscoll* v. *City of New York*, 78 id. 52.) There is always, in a contract for personal services to be rendered, in the absence of an express provision to the contrary, an implied condition that the right to receive the wages depends upon the service being rendered. The plaintiff, when he entered into the employment of the city, knew this and acted upon it, and this is clearly evidenced by the fact that for several years his wages were paid to him upon this basis — to which he not only made no objection, but gave a receipt in full, showing his acquiescence. Nor is there anything in the statutes relating to veterans which in case of their employment takes them out of the general rule. Notwithstanding these statutes and their preference in employment, it still remains lawful for a municipality to fix the terms of service and the wages to be paid, by contract. A veteran may be employed temporarily and sent away when he has finished with his work, or when funds are exhausted. (*People ex rel. Reynolds* v. *Squier*, 10 App. Div. 415.) The place which he occupies may be abolished. (*People ex rel. Corrigan* v. *Mayor*, 149 N. Y. 215; *People ex rel. Hartough* v. *Scannell*, 48 App. Div. 445; affd., 163 N. Y. 599.) Nor need another place be created for him. (*Matter of Breckenridge*, 160 N. Y. 103.) Nor is there in this case any real dispute as to the rights of a veteran. The plaintiff has not been removed from the service. His preference over other employees has been observed, as well as every other right conferred upon him by statute.

The case relied upon as sustaining the judgment (*O'Hara* v. *City of New York*, *supra*) is clearly distinguishable from this one. There a veteran of the Civil war was appointed a cleaner in the department of public buildings, and subsequently detailed at a salary of fourteen dollars a week as a watchman in the county court

house, and by virtue of the Veteran Acts and the Greater New York charter became entitled to serve during good behavior. He was wrongfully removed from his position, and pending proceedings taken for his reinstatement he tendered from time to time his services to his superior, which were refused, and it was held after he had been reinstated that he could recover the salary for the period during which he had been unlawfully suspended, inasmuch as it has not been paid to any one else. Here the plaintiff has not been removed from his position and the days for which he was not paid he was neither able nor willing to render any service. The *O'Hara* case falls far short of holding that where a laborer is employed, as the plaintiff was, that he is entitled to receive wages, even though no services were rendered. What the court held in that case was that a laborer, employed as O'Hara was, in the position to which he was assigned, was entitled to recover his salary inasmuch as he was unlawfully prevented by an act of his superior from rendering any service.

But it is said that we are not at liberty to examine the appeal on the merits, inasmuch as there is no proper exception to the findings of fact and conclusions of law. There would be force in the suggestion were it not for the fact that the conclusion of law is all wrong, and in this respect the case is clearly distinguishable from *Drake* v. *New York Iron Mine* (156 N. Y. 90). There some of the conclusions were good and some bad, and the court held that a general exception to all of the findings or conclusions of law did not raise any question, and manifestly it could not, inasmuch as some were good. The purpose of an exception is to point out the errors complained of and upon which the party will rely on the appeal. (*Hunter* v. *Manhattan Ry. Co.*, 141 N. Y. 281.) Here there is only one conclusion of law, and that being bad, we think a general exception is sufficient. (*Todd* v. *Nelson*, 109 N. Y. 323.)

The judgment appealed from, therefore, must be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and HATCH, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.