PEOPLE ex rel. FOREST v. WILLIAMS, State Engineer and Surveyor.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1910.)

1. OFFICERS (§ 68*)—CIVIL SERVICE—DISCHARGE FROM EMPLOYMENT—GROUNDS.

The discharge from employment of an honorably discharged soldier of the Civil War, entitled, under Const. art. 5, § 9, and Laws 1909, c. 15 (Consol. Laws, c. 7) art. 2, § 21, to preference in the civil service of the state, is justified, where he was appointed for no stated time, and the funds of the department in which he was employed were exhausted, for under Laws 1909, c. 58 (Consol. Laws, c. 56) art. 2, § 35, state officers may not contract any indebtedness in excess of the money appropriated.

[Ed. Note.—For other cases, see Officers, Dec. Dig. § 68.*]

2. OFFICERS (§ 76*)—CIVIL SERVICE—DISCHARGE—REINSTATEMENT.

An honorably discharged soldier of the Civil War, who has been dismissed from his employment as laborer in the department of the State Engineer and Surveyor for the improvement of highways, cannot, after the transfer of the department for the improvement of highways to the State Commission of Highways, compel the State Engineer and Surveyor

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to reinstate him in his department, in the absence of a showing of a vacancy therein, since he cannot compel the State Engineer and Surveyor to discharge another competent employé to make room for him.

[Ed. Note.—For other cases, see Officers, Dec. Dig. § 76.*]

Appeal from Special Term, Monroe County.

Mandamus by the People of the State of New York, on the relation of John B. Forest, against Frank M. Williams, as State Engineer and Surveyor, to compel the reinstatement of relator to employment. From an order denying a peremptory writ, relator appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Albert C. Olp, for appellant.

Andrew E. Tuck, for respondent.

KRUSE, J. The relator, an honorably discharged soldier of the Civil War, was appointed a laborer in the department of the State Engineer and Surveyor for the Western division, for the improvement of highways, on the 18th day of February, 1907. He was employed in the department from that time until December 16, 1907, when he was discharged, reinstated on June 8, 1908, and on the 3d day of August, 1908, was finally discharged, for the reason that the funds of the department were exhausted. That, if true, would seem to be a complete justification for his discharge. He was appointed for no stated term, and state officers are forbidden to contract any indebtedness on behalf of the state in excess of money appropriated or otherwise lawfully available therefor. Laws 1909, c. 58 (Consol. Laws, c. 56) art. 2, § 35.

It appears, however, that from the time of his discharge to the present there have been other laborers employed in the division engineer's office of the Western division; but when they were appointed or the precise nature of their work is not disclosed. The department for the improvement of highways, to which the relator was originally appointed, is not now under the State Engineer and Surveyor, but under the control of the State Commission of Highways. Laws 1909, c. 30 (Consol. Laws, c. 25). The funds were transferred from his control to that of the Commission on February 17, 1909, and he now has not the disposition of the funds.

The precise place to which the relator desires to be appointed is that of axman, but he seems willing to take a transfer to some other position at the same salary. It appears that during his last employment he worked in the highway department, in the canal department, and in the office of the division engineer, performing whatever labor he was directed to perform, which included some of the duties usually performed by axmen. It does not precisely appear what work the relator did, how much of it was in the highway department, how much in the canal department, or how much was office work, nor just how much of that kind of work is left under the control of the State Engineer and Surveyor, and what part has been transferred to the State Commission of Highways.

While the relator is entitled to preference in the civil service of the state (Const. art. 5, § 9; Laws 1909, c. 15 [Consol. Laws, c. 7] art. 2, § 21), even to the extent of being transferred to any position which he may be fitted to fill, if his former position has been abolished or made unnecessary, and the duty is imposed upon the officer having the appointing power to make such transfer effective (Laws 1909, c. 15 [Consol. Laws, c. 7] art. 2, § 22), the record is entirely silent as to whether any such place is open. The evidence is not returned. We have only the findings of the referee and the affidavits upon which the writ was issued; and, in the absence of any showing that there is a vacancy in some position or work for which the relator is fitted, he is not entitled to the writ directing his reinstatement in the State Engineer and Surveyor's department. It is incumbent upon the relator to show that there is such a vacancy. Matter of Breckenridge, 160 N. Y. 103, 54 N. E. 670; People ex rel. Chappel v. Lindenthal, 173 N. Y. 525, 66 N. E. 407. The appointing officer is not required to discharge other competent employés to make room for the relator.

The order denying the peremptory writ of mandamus should be affirmed, but, under the circumstances, without costs. All concur.