### WALSH v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. February 24, 1911.)

1. MUNICIPAL CORPORATIONS (§ 220*)—DAY LABORERS—WAGES.

Where plaintiff worked for a city as an unskilled laborer, and was paid when he actually worked, and if the weather did not permit him to work he was not paid, and he was laid off, *held* he was not entitled to wages for the days he did not work.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 604; Dec. Dig. § 220.*]

2. MUNICIPAL CORPORATIONS (§ 220*)—DAY LABORERS—WAGES.

That a laborer was removed or suspended because he was a henchman of one faction of a political party which was in disfavor with his superior officer, and that the formality of recertification of his name to the civil service commission was not observed, putting him out of line for re-employment, would not render the city liable for wages while he did not work, especially where, within two months of his laying off, his name was placed upon the certified list.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 220.*]

Appeal from Municipal Court, Borough of Queens, First District.

Action by William B. Walsh against the City of New York. From a judgment of the Municipal Court, dismissing his complaint, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and BURR, CARR, WOODWARD, and RICH, JJ.

J. Brownson Ker (M. P. O'Connor, on the brief), for appellant. Loyal Leale (Theodore Connoly and Francis J. R. Barry, on the brief), for respondent.

JENKS, P. J. It is clear that the theory of this action is recovery of wages. It was brought in the Municipal Court, and the pleadings were oral. The complaint is for "wages due," and the bill of particulars furnished by the plaintiff states that the action is for wages due.

It appears that the plaintiff was in the service of the city of New York as a laborer, whose work was unskilled and manual. He was paid $2.50 a day when he actually worked. If the weather did not

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

permit him to work, he was not paid. He was "laid off," and his claim is for a sum that represents his day wages during a period when he did not work. He testifies that a laborer named Horn took his place and did the work that had theretofore been allotted to him. I think that the judgment for the defendant was justified by the judgments in O'Donnell v. City of New York, 128 App. Div. 186, 112 N. Y. Supp. 760, and the cases cited, and in Higgins v. Mayor, 131 N. Y. 128, 30 N. E. 44.

It is contended that the proof shows that the plaintiff was laid off or removed or suspended for the reason that he was a henchman of one faction of a political party which was in disfavor with his superior officer, and that the formality of recertification of his name to the civil service commission was not observed, so that he was not in line for re-employment. Even so, neither circumstance would render the defendant liable in this case for wages during the period when plaintiff did not work (authorities supra). Moreover, it appears that within about two months of his "laying off" his name was placed upon the certified list. See People ex rel. Brown v. O'Brien, 137 App. Div. 311, 312, 122 N. Y. Supp. 25; People ex rel. April v. Butler, 122 App. Div. 790, 792, 107 N. Y. Supp. 833.

The judgment of the Municipal Court is affirmed, with costs. All concur.