## COTTAM v. CITY OF NEW YORK.

(Supreme Court, Appellate Term.   November 10, 1911.)

1. MUNICIPAL CORPORATIONS (§ 218*)—EMPLOYÉS—VETERAN FIREMEN—DISCHARGE.

While the civil service law gives veteran firemen the right to a hearing before removal, such a fireman may be dismissed on completion of the work which he was engaged to do; and it is not necessary to discharge other competent employés to make room for such veteran when the work is done, or when the funds available for his wages have been exhausted.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 593; Dec. Dig. § 218.*]

2. MUNICIPAL CORPORATIONS (§ 218*)—DAY LABORERS—DISCHARGE.

Laborers whose wages are payable per diem are not entitled to rcover from the city for wrongful discharge or lay-off.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 218.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by George W. Cottam against the City of New York. From a judgment for plaintiff, defendant appeals. Judgment reversed, and complaint dismissed.

Argued before SEABURY, GUY, and COHALAN, JJ.

Archibald R. Watson (Theodore Connoly, Loyal Leale, and Elliott S. Benedict, of counsel), for appellant.

Leo R. Lawlor, for respondent.

GUY, J.   This is an action to recover wages brought by plaintiff, who, after passing a civil service examination as a skilled laborer, was employed as a gardener in the department of parks, borough of the Bronx, New York City.   Prior to his appointment, plaintiff had been a veteran volunteer fireman in the city of Yonkers.   On January 14, 1910, he was nominally discharged "for lack of work," but was in reality only suspended, as his name was placed on the preferred eligible civil service list.   People ex rel. Vineing v. Hayes, 135 App. Div. 19, 119 N. Y. Supp. 808; Shane v. City of N. Y., 135 App. Div. 218, 120 N. Y. Supp. 428.   A number of other skilled laborers of the plaintiff's "gang" were suspended at the same time for the same cause. Others were retained.   Some of the retained gardeners were veteran soldiers, but some were not.   On April 5 or 6, 1910, the plaintiff was offered the position of gardener in the borough of Manhattan at $75 per month, a larger wage than his per diem of $2.50 less Sundays

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and stormy days. On April 7, 1910, he declined the position. On April 25, 1910, he was reinstated, and he now sues for his wages between his discharge or suspension and his reinstatement.

[1] While a veteran volunteer fireman has a right to a hearing before removal, we find no statute commanding his chief, in the event of the funds available for the payment of his wages being exhausted or of the work being finished, to create a vacancy for his benefit by discharging a better qualified or more faithful employé. In People ex rel. Chappel v. Lindenthal, 173 N. Y. 524, 529, 66 N. E. 407, 408, it was held that, when a veteran volunteer fireman and other employés were discharged for lack of work, the fireman was not entitled to have some more efficient employé removed, to make a vacancy for him. The court say:

"His claim * * * would result, either in imposing upon the municipality the burden of the expense of maintaining the relator in his position, when the work for which he had been employed had ceased, or in removing some employé elsewhere, perhaps better, or equally qualified and faithful, to make a vacancy for the relator. We will not impute to the Legislature the intention to sanction such unnecessary injustice, or the absurdity of intending to saddle an unnecessary employé upon the city."

In the absence of express statutory direction, a public officer is not required to discharge other competent employés to make room for a veteran, when the funds available for the payment of his wages have been exhausted. People ex rel. Forest v. Williams, 140 App. Div. 723, 725, 125 N. Y. Supp. 583; In re Gilfillan, 127 App. Div. 846, 850, 111 N. Y. Supp. 808, affirmed on opinion below 193 N. Y. 655, 87 N. E. 1119. A veteran volunteer fireman, though entitled to a hearing before removal, may be dismissed upon the completion of the work, upon which he was appointed as inspector. Dunne v. City of New York, 116 App. Div. 331–334, 101 N. Y. Supp. 678. The cases holding that military and naval veterans have a preference over nonveterans, not only as to appointment, but also as to employment, to the extent of requiring the latter to be first discharged to create vacancies for the former's benefit in the event of lack of work or of funds, have not yet been extended to volunteer firemen.

[2] Laborers whose wages are payable per diem are not entitled to recover from the city for a wrongful discharge or lay-off. Walsh v. City of New York, 143 App. Div. 150, 127 N. Y. Supp. 972; O'Donnell v. City of New York, 128 App. Div. 186, 112 N. Y. Supp. 760; Higgins v. Mayor, 131 N. Y. 128, 131–133, 30 N. E. 44; Birdseye's Con. Laws, vol. 1, p. 672, note to section 23 of Civil Service Law.

The judgment should be reversed, with costs, and the complaint dismissed, with costs. All concur.