DOYLE v. CITY OF NEW YORK.

(Supreme Court, Appellate Term.   January 5, 1912.)

MUNICIPAL CORPORATIONS (§ 220*)—EMPLOYÉS—"WAGES."
    A per diem employé, as a driver of a team for an engineer in the department of highways of the city of New York, may only recover the wages on proof of actual work, and while he is awaiting orders for work he cannot recover the per diem; "wages" being that which is paid for a service rendered.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 599–608;  Dec. Dig. § 220.*

    For other definitions, see Words and Phrases, vol. 8, pp. 7369–7373, 7831.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Michael Doyle against the City of New York. From a judgment of the Municipal Court for plaintiff, entered on a directed verdict in his favor, defendant appeals. Reversed and remanded.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Archibald R. Watson (Theodore Connoly and Loyal Leale, of counsel), for appellant.

J. V. Rooney, for respondent.

PAGE, J. The action is to recover wages at the rate of $2.50 per day for a period between May 14 and August 13, 1910 (Sundays and holidays excepted), both inclusive, which plaintiff claims to be due him.

The uncontroverted facts are that plaintiff was employed in the department of highways as a driver of a team of horses for a Mr. Dye, an engineer in that department. His wages were $2.50 per day, which were fully paid up to May 14, 1910. On May 14, 1910, the commissioner of public works, the plaintiff's appointing officer, substituted automobiles for the horses and carriages that had formerly been used, and Mr. Dye informed plaintiff that he was to have an automobile, and "was not going to use a team any more," and further told him to report to Mr. McManus, a clerk in the said department, who at that time had charge of the clerical force. He did thereafter report to Mr. McManus each day, who informed him that there was nothing for him to do. On August 13, 1910, he was formally discharged, and his name transmitted to the municipal civil service commission to be placed upon the appropriate preferred list. During this period the plaintiff filled out a daily time report, in which he certified that he spent eight hours each day awaiting orders from the bureau of highways, but which he retained himself, and, during this time, his name was carried on the pay rolls at $2.50 per day, and in the column where the amount of money earned should be entered there was an entry, "No time," and no amount of money was carried out.

Upon these facts the court directed a verdict for the full amount claimed. In this the court erred. The plaintiff came under that class of employés which the Appellate Division of this department has thus described:

"Third. That there is a class of employés in minor positions, whose pay depends upon work performed, and who cannot recover, unless after service actually rendered." Sutliffe v. City of N. Y., 132 App. Div. 831, 835, 117 N. Y. Supp. 813, 816.

This is an action for wages. The definition of "wages" is:

"That which is paid for a. service rendered." Century Dictionary.

Labor performed or service rendered is the foundation of the action. It has been repeatedly held that a per diem employé of the city could only recover upon proof of actual work. Walsh v. City of N. Y., 143 App. Div. 150, 127 N. Y. Supp. 972; O'Donnell v. City of N. Y., 128 App. Div. 186, 112 N. Y. Supp. 760; Eckerson v. City

of N. Y., 80 App. Div. 12, 80 N. Y. Supp. 168; Cook v. Mayor, 9 Misc. Rep. 338, 30 N. Y. Supp. 404, affirmed 150 N. Y. 578, 44 N. E. 1123. The plaintiff performed no service for the city. Each day he was informed that there was no work for him to do. While he was "awaiting orders from the bureau of highways" he was not doing any work or rendering any service, but he was waiting for some work to be found for him to do.

The judgment should therefore be reversed, with costs to appellant, and judgment entered for the defendant, dismissing the complaint on the merits. All concur.