CHARLES GRAY MANDEVILLE, Respondent, *v.* THE COLLEGE OF THE CITY OF NEW YORK, Appellant.

First Department, May 27, 1921.

**Municipal corporations — civil service — action by suspended employee to recover wages during period of suspension — employee working on per diem basis suspended pending determination of criminal charges not entitled to pay during suspension — Greater New York Charter, § 1569-a, not applicable.**

A stationary engineer employed by the city of New York on a *per diem* basis is not entitled to recover his wages during the period of his suspension without pay pending the outcome of criminal charges preferred against him on which he was tried and acquitted and thereafter restored to duty.

Under section 1569-a of the Greater New York charter, which grants power to suspend an employee without pay " pending the hearing and determi-

nation of charges against him or the making of any explanation, as the case may be," the " charges " referred to are those which are to be heard and determined under the rules of the department in which the person is employed and not criminal charges pending in court, and, hence, the provision of said section that a suspended employee shall be entitled to full compensation from the date of suspension to the date of reinstatement, is not applicable.

APPEAL by the defendant, The College of the City of New York, from a determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of said Appellate Term on or about the 10th day of February, 1921, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Seventh District, in favor of the plaintiff.

*Elliot S. Benedict* of counsel [*John F. O'Brien* with him on the brief; *John P. O'Brien, Corporation Counsel,* attorney], for the appellant.

*Dean Nelson,* for the respondent.

GREENBAUM, J.:

Plaintiff, an honorably discharged veteran of the Spanish War, was employed as a stationary engineer at the College of the City of New York. He had originally been appointed in 1906 an engineer in the street cleaning department after a competitive examination. He was transferred in 1908 to the College of the City of New York. On the 13th day of January, 1920, he received a letter from the defendant's president which reads as follows: " You are hereby suspended without pay, pending the outcome of the charges preferred against you." The charges referred to were not disciplinary proceedings upon which a hearing was pending before the college authorities, but were criminal charges at Special Sessions on which he was tried and acquitted. Upon his acquittal he was restored to duty on the 29th of March, 1920. The suspension continued for a period of seventy-five days. At the time of his suspension the plaintiff's wages were at the rate of six dollars per day.

It appears that plaintiff and others, rendering similar services for the college were paid only for the time when they worked. The defendant sets up in its answer as a partial

defense the receipt of certain moneys earned by plaintiff while under suspension; another partial defense that during plaintiff's suspension the defendant paid at the rate of six dollars *per diem* to other stationary engineers for the performance of the duties which would have devolved upon the plaintiff under his appointment, and as a complete defense that by the terms of his employment plaintiff was only to be paid for the time he actually worked.

The facts are not in dispute. Plaintiff contends that under section 1569-a of the Greater New York charter he was entitled to full compensation during the period of his suspension in view of the dismissal of the charges against him at Special Sessions. The Municipal Court justice gave judgment for the plaintiff for the full amount claimed less the sum of forty-five dollars earned by him in outside employment during the time of his suspension. The Appellate Term affirmed the judgment of the court below without opinion.

Section 1569-a of the Greater New York charter reads as follows: " Except as otherwise specially provided the head of a city department or any other officer, board or body of the city, or of a borough or county within the city, vested with the power of appointment and employment, in addition to existing powers, may, in his discretion, suspend, for not more than one month without pay, any officer or employee of his department, board, body or office, pending the hearing and determination of charges against him or the making of any explanation, as the case may be. If the person so suspended be removed, he shall not be entitled to salary or compensation after suspension. If he be not so removed, he shall be entitled to full salary or compensation from the date of suspension to the date of reinstatement, less such deduction or fine as may be imposed." (Laws of 1901, chap. 466, § 1569-a, as added by Laws of 1913, chap. 694.)

There can be no doubt that this section applies to an employee as well as to an officer. The suspension provided for in that section was not to exceed a month without pay and the power of suspension could only be exercised " pending the hearing and determination of charges against him or the making of any explanation, as the case may be," meaning " charges " to be heard and determined under the rules of

the department in which he was employed and not to criminal charges pending in a court.

The plaintiff was not suspended under section 1569-a (*supra*) and hence the provisions of that section are not available to him.   Plaintiff was carried on the permanent payrolls of the College of the City of New York and was regarded as a regular employee.   There is no doubt that plaintiff could only be removed in the manner provided by section 1543 of the Greater New York charter and section 22 of the Civil Service Law (as amd. by Laws of 1910, chap. 264).*   The fact, however, is that he was a *per diem* employee and that he was not removed, but merely suspended.   The law applicable to this case was considered in *Sutliffe* v. *City of New York* (132 App. Div. 831) and in the authorities therein cited.

In the *Sutliffe Case* (*supra*) the court divided the public officials and employees into three classes and formulated the rules recognized by the courts in determining when they are entitled to recover their salaries or moneys in cases of reinstatement.

The court stated, referring to the second class, which embraced clerks and subordinates of a grade higher than those in the third class: " To these positions in the exercise of public policy is attached the principle that the city will not be obliged to pay twice for the same service."

As to the third class, under which plaintiff would come, the court said: " *Third.* That there is a class of employees in minor positions whose pay does depend upon work performed, and who cannot, therefore, recover unless for services actually rendered."   (*Terhune* v. *Mayor, etc.,* 88 N. Y. 247; *Higgins* v. *Mayor, etc.,* 131 id. 128; *Cook* v. *Mayor,* 9 Misc. Rep. 338; affd., 150 N. Y. 578.)

The principle of " no work, no pay " in regard to *per diem* employees has been recognized in many other cases.   (*Cook* v. *Mayor, supra; Cottam* v. *City of New York,* 74 Misc. Rep. 67; *Doyle* v. *City of New York,* 132 N. Y. Supp. 774; *O'Donnell* v. *City of New York,* 128 App. Div. 186; *Walsh* v. *City of New York,* 143 id. 150.)

The determination appealed from and the judgment of the

* Since amd. by Laws of 1920, chap. 833.— [REP.

Municipal Court are reversed, with costs to appellant in this court and in the Appellate Term, and the complaint dismissed, with costs.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concur.

Determination and judgment reversed, with costs to appellant in this court and in the Appellate Term, and the complaint dismissed, with costs.