MYRA S. WARNER, Respondent, *v.* BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.

First Department, October 24, 1961.

*Peter J. Flanagan* of counsel (*Seymour B. Quel* and *Joseph M. Callahan, Jr.,* with him on the brief; *Leo A. Larkin, Corporation Counsel*), for appellant.

*Morris Weissberg* for respondent.

EAGER, J. The defendant appeals from a judgment in favor of the plaintiff entered upon an order granting plaintiff's cross motion for summary judgment.

The facts are not in dispute. On August 7, 1951, the plaintiff was duly granted a license by the Board of Education of the City of New York to teach as a substitute teacher of common branch subjects in day elementary schools of the city. The license, as issued, stated it was " Subject to passing the physical and medical examination ". Thereafter, the plaintiff was given regular employment as a substitute teacher by the Board of Education, first on a daily basis and later as a regular substitute. In 1956, her eligibility for a substitute teaching license was cancelled by the Board of Examiners of the Board of Education on the basis of a finding that she had a diabetic condition. Thereupon and on request of the said Board of Examiners, the Board of Education, on August 31, 1956, cancelled the plaintiff's license. The plaintiff thereupon appealed to the Commissioner of Education of the State of New York and, upon the consideration of such appeal, it is alleged that " on June 11, 1958, the said Commissioner of Education made a decision in which he sustained the said appeal in its entirety, and directed that the plaintiff be licensed." The plaintiff further alleges that " On or about November 2, 1958, the plaintiff's aforesaid license as a substitute teacher was restored to her and she was reinstated and reemployed as a regular substitute teacher in the day elementary schools of the defendant Board of Education, and she served as such until February 2, 1959, when she was appointed a regular teacher in defendant's employ." These allegations of plaintiff are not disputed.

This action is brought by the plaintiff against the Board of Education of the City of New York to recover damages for the

alleged wrongful termination by the defendant of plaintiff's license on August 31, 1956, it being alleged that, by reason thereof and during the period from September 1, 1956 to November 2, 1958, she was wrongfully barred and prevented "from continuing to work as a regular substitute teacher in defendant's employ, although she was ready, willing and able to do so". By the judgment appealed, the plaintiff has been awarded a recovery of an amount equal to the compensation which she would have earned as a regular substitute teacher in defendant's employ less a credit for what she actually earned in other employment during the period in question.

Initially, it is to be noted that this court is not bound on this appeal by Special Term's determination on a prior motion (24 Misc 2d 717) that a cause of action was shown by the allegations of the complaint. This prior determination was rendered upon a motion brought pursuant to rule 106 of the Rules of Civil Practice to dismiss the complaint for insufficiency on the face thereof. Such determination of Special Term, though not appealed from, is not in any way binding as "law of the case" upon the Appellate Division in connection with its review of an order granting or denying summary judgment in the action. (See *Walker* v. *Gerli*, 257 App. Div. 249. See, also, *Rager* v. *McCloskey*, 305 N. Y. 75, 78; *Musco* v. *Pares*, 2 A D 2d 689.)

In passing upon the merits of plaintiff's action, we will assume that it is conceded, as stated in the opinion of the learned Justice at Special Term, that had it not been for the cancellation of plaintiff's license, she would have received employment as a substitute teacher in defendant's system from September 1, 1956 to November 2, 1958. This amounts to a concession merely that, but for defendant's action, the plaintiff would have had employment with defendant. It is not a concession that plaintiff had a right to employment which had been unlawfully interfered with.

Clearly, the right of the plaintiff to recover herein depends upon whether or not the termination of her license by the defendant, and her consequent loss of employment, was wrongful in the sense that it operated to violate any of her rights in law or by contract. Thus, it is pertinent that, first, we consider the general status and the general rights of a substitute teacher.

Although a substitute teacher may be more or less regularly employed, she is appointed to her position temporarily during absence of a regular teacher or pending the filling of a teacher vacancy with a regular teacher. (See *Matter of Jaffe* v. *Board of Educ. of City of N. Y.*, 265 N. Y. 160; *Matter of Waldman*, Commissioner of Education Decision No. 6477, July 8, 1958.)

Her position is that of an employee and not that of a public officer. (*Steinson* v. *Board of Educ. of City of N. Y.,* 49 App. Div. 143, affd. 165 N. Y. 431; *Murphy* v. *Board of Educ. of City of N. Y.,* 87 App. Div. 277.) And she does not have the civil service tenure status of a regular teacher. Her employment is strictly on a contractual basis and her rights, including the right of tenure and the right of compensation, depend entirely upon whatever contract, express or implied, she may have with the Board of Education. (*Matter of Jaffe* v. *Board of Educ. of City of N. Y., supra; Eckerson* v. *City of New York,* 80 App. Div. 12, affd. 176 N. Y. 609.) Lacking contractual protection, she would have no vested right to employment or to compensation. (See *Smith* v. *Mayor,* 37 N. Y. 518, 519.) As an employee, without right of salary as an incident to public office or to the right of tenure, under the general rule, her right to compensation as a substitute teacher would end upon the termination of her right to employment. (See *O'Donnell* v. *City of New York,* 128 App. Div. 186.)

Generally speaking, the substitute teacher is in the class of employees having a minor position, temporary in nature, and her right to compensation depends upon work performed and she may not recover against the Board of Education or school district except for services actually rendered. (See *Sutliffe* v. *City of New York,* 132 App. Div. 831, 835; *Mandeville* v. *College of City of N. Y.,* 197 App. Div. 107; *Doyle* v. *City of New York,* 132 N. Y. S. 774; 4 McQuillin, Municipal Corporations [3d ed.], § 12.200.) In the case of such a teacher, it would, according to the general rule, as applied in favor of a municipal corporation, be against public policy and sound morals to pay for constructive service. (McQuillin, Municipal Corporations, *supra.*) In fact, the payment to her of "public money for a service never rendered and for which it [in this case the defendant board] was not liable, falls within the inhibition of the provisions of the Constitution" (*Stemmler* v. *Mayor, etc. of City of N. Y.,* 179 N. Y. 473, 483). (See, also, *Matter of Mullane* v. *McKenzie,* 269 N. Y. 369.)

Under the defendant's regulations, the plaintiff's right to employment and assignment to a position was dependent upon her being duly licensed. The by-laws of the Board of Examiners of defendant provided that the "Superintendent of Schools shall employ substitutes in vacancies and for absentees from among the persons duly licensed for the service required, assigning such persons in the order of standing on the eligible list as their services may be required" (§ 101, subd. 11). Concededly, at the time of cancellation of her license, she was on the eligible

list as a regular substitute teacher and would have received employment with defendant if her license had not been cancelled. But the fact is that without a license, she had no right of employment.

There is no question of the right of the Board of Education to attach the holding of a license as a condition to plaintiff's employment. And plaintiff, assuming the position of substitute teacher subject to defendant's regulations, necessarily did so with the understanding that if her license was revoked upon proceedings duly taken, she would become disqualified to hold the position. Without a license, she could not legally be employed and, without the right to legally occupy the position, she may not recover the salary attached thereto whether or not she was ready and willing to perform the duties of the position. (See *Palmer* v. *Board of Educ. of Union Free School Dist. No. 2,* 276 N. Y. 222.)

The plaintiff, to avoid the effect of the aforesaid general rules, militating as they do against a recovery by her, rests her case upon the theory that the defendant is liable because it wrongfully terminated her license.

In the cancellation of plaintiff's license as a substitute teacher, defendant board, however, was carrying out a governmental function, and it is held that no liability in damages may be attached to it for erroneous action in this connection. (9 McQuillin, Municipal Corporations [3d ed.], § 26.98; 4 Dillon, Municipal Corporations [5th ed.], § 1630, pp. 2844, 2845.) In any event, there is no claim that the actions of the defendant resulting in the termination of plaintiff's license were negligent, in bad faith or without due process. It is merely claimed by the plaintiff that the termination of her license occurred because of the erroneous and wrongful cancellation by the Board of Examiners of her eligibility for a license upon the ground that she had diabetes; and that the error of the Board of Examiners and of the defendant board in adopting the request of the Board of Examiners was corrected by the State Commissioner of Education on the appeal to him.

If, by law, the plaintiff's right to compensation did not continue while she was absent for the reason that she was determined by competent authority to be not qualified, then her subsequent restoration and appointment to the position, on the reversal of the determination, would not, by relation back, entitle her to the salary for the time she did not work. (See *O'Donnell* v. *City of New York,* 128 App. Div. 186, *supra.* See, further, *Walsh* v. *City of New York,* 143 App. Div. 150; *Higgins* v. *Mayor, etc. of City of N. Y.,* 131 N. Y. 128, 132, 133.) The

determination later by the State Commissioner of Education that she was illegally or improperly deprived of her license and right to teach clearly would not entitle her to payment of the salary for the position during the period that she did not work. Upon the cancellation of her license, the public interest required that her services be replaced by the hiring of a qualified person. During this period, therefore, the work that she would have performed was properly to be taken over by another teacher or teachers and she or they would be paid. Under these circumstances, it is clear that the public cannot be compelled to pay twice for the same services. (*Matter of Barmonde* v. *Kaplan,* 266 N. Y. 214; *Matter of Smith* v. *Greene,* 247 App. Div. 425; *Jones* v. *City of Buffalo,* 178 N. Y. 45; *People ex rel. Walker* v. *Ahearn,* 139 App. Div. 88, affd. *sub nom. People ex rel. Walker* v. *McAneny,* 202 N. Y. 551.)

It is significant that the action of the State Commissioner of Education on the appeal was to direct that plaintiff " be licensed ".[1] The plaintiff became again qualified for the position of substitute teacher as of the date of the determination of the State Commissioner. It was only then that she was entitled to be reinstated to her position. Thus, at the most, she would only be entitled to be paid from the time that the State Commissioner of Education directed that she be restored to service (see *Matter of Nagelberg* v. *Finegan,* 267 N. Y. 632; *Jones* v. *City of Buffalo, supra*), and, thereafter, the defendant promptly acted to " restore " her license and give her employment.

Finally, considerations of public policy particularly call for a determination that the plaintiff shall have no right of action on the basis of alleged error on the part of the Board of Examiners in passing upon her eligibility for a substitute teacher's license and in the termination of her license by reason thereof. Public officers or members of administrative boards given licensing powers should not be faced with the prospect of rendering themselves or the municipality liable for damages because of an

---

[1] It is so alleged in plaintiff's complaint. According to the decision of the State Commissioner of Education, of which we take judicial notice, he in effect found that the record before him did not indicate a present physical unfitness on part of appellant (the plaintiff herein) to perform the duties of the position of substitute teacher and that the medical findings in the record related merely to the distant future, and thereupon, the appeal was sustained, and it was ordered " that appellant Myra S. Warner be continued in the examinations for the licenses involved in this proceeding for the purpose of investigation of record and experience and the completion of any other parts of the examinations still outstanding; and if appellant meets these requirements, that appellant be licensed accordingly."

error of judgment. In the exercise of powers in conformity with law and in good faith, the officer or board should of necessity be entitled to act uninfluenced by any fear of consequences of mistaken judgment.

*Steinson* v. *Board of Educ. of City of N. Y.* (49 App. Div. 143, affd. 165 N. Y. 431, *supra*) principally relied upon by plaintiff to sustain the judgment, is clearly distinguishable and inapplicable. There, the plaintiff, duly qualified to teach under certificate of qualification issued by the then State Superintendent of Public Instruction, was employed as first assistant teacher in one of the common schools of the City of New York. It was held that he was entitled to recover against the City Board of Education for the time that he had been barred from employment by illegal action of the City Superintendent of Schools. Recovery was allowed plaintiff on *the theory that the City Superintendent was without power over the employment of plaintiff*; that the power to revoke his license to teach was lodged solely with the State Superintendent; that whatever was done by him had no effect on the status of plaintiff who had been duly employed by the ward trustees; that the power of removal of plaintiff was with the ward trustees or Board of Education of the City of New York; and that such trustees or board could have legally removed the plaintiff from employment at any time. Here, in the case at bar, the termination of plaintiff's employment was by action of the board having authority in the premises.

In view of the foregoing, the judgment for plaintiff should be reversed on the law and on the facts, with costs. Upon the undisputed facts, the defendant's motion for summary judgment dismissing the complaint upon the merits should be granted and the plaintiff's cross motion for summary judgment against the defendant denied, with $10 costs.

BREITEL, J. P., STEVENS, STEUER and NOONAN, JJ., concur.

Order, entered on or about June 6, 1960, and judgment entered thereon unanimously reversed upon the law and upon the facts, with costs to the appellant; the defendant's motion for summary judgment granted and plaintiff's cross motion for summary judgment denied, with $10 costs, and the Clerk is directed to enter judgment in favor of the defendant-appellant dismissing the complaint on the merits, with costs.