Vincent A. Lupiano, J.
This motion to dismiss the complaint under rule 106 of the Rules of Civil Practice for legal insufficiency is denied. Two causes of action are pleaded. The first cause seeks recovery of salary lost during a period of time occasioned by defendant’s erroneous cancellation of plaintiff’s eligibility for medical reasons as substitute teacher, which, in turn, caused the Superintendent of Schools to cancel her license and terminate her employment. Subsequently, on her appeal, the State Commissioner of Education restored her license and reinstated her in her former employment. Plaintiff, thereafter, was appointed as a regular teacher. The second cause seeks to recover the salary differential which, she alleges, would have eventuated by salary increments had she received maximum credit for time she would have served as a substitute teacher except for defendant’s wrongful action.
Defendant contends that substitute teachers do not have a vested right to employment and therefore a cause of action for salary for services not performed is invalid. Such licensee, defendant urges further, may be hired and fired at will and her employment is on a day-to-day basis terminable for reason or for no reason. In support thereof, defendant cites section 484 of its by-laws. On the other hand, plaintiff urges the same section in support of her position. The section, in part, reads: “ A ‘ regular substitute teacher ’ is one who is assigned by the Superintendent of Schools at the beginning of a term, or within five school days from the start of the school sessions, to a position open for a full term. The assignment of a regular substitute in any of the aforementioned categories may be terminated at any time by the Superintendent of Schools.” In advancing this section, defendant underscored the latter portion but omitted to emphasize the word “ assignment ”. In these circumstances, it appears that defendant does not properly make the distinction between an assignment which may be terminated at any time by the Superintendent of Schools and the termination of the appointment of the teachers named. Following appointment, the superintendent may assign “ such persons in the order of standing on the eligible list as their services may be required ” (New York City Bd. of Educ. Bylaws, § 101, subd. 11). The plaintiff’s appointment as a substitute teacher was not for a fixed term, but for an indefinite term, and it entitled her to continue to work, by way of assign- *719 meats, indefinitely as a substitute teacher “ as [her] services may be required It follows, then, that, irrespective of the duration or termination of an assignment to a particular school which plaintiff had on the date of her dismissal, her appointment as a substitute and her right to work in that capacity would have continued after that date but for defendant’s wrongful action.
Plaintiff’s discharge resulted not from the exercise of the superintendent’s power to terminate an assignment but from his cancellation of her license — an act subsequently found by the Commissioner of Education to be wrongful. And the fact that plaintiff was immediately rehired upon reinstatement of her license emphasizes plaintiff’s allegation that loss of employment was not the result of the potential exercise of the superintendent’s discretion with respect to termination of assignments but was the consequence that followed the improper cancellation of her license.
Moreover, the decision of the State Commissioner of Education upholding plaintiff’s appeal and directing restoration of such license established, by itself, plaintiff’s right to the appointment of substitute teacher as of the date the defendant dismissed her, August 31, 1956, said appeal having been based upon an unlawful cancellation of her license. In effect, the Commissioner, with jurisdiction of the parties and of the subject matter of the appeal, has declared that the Superintendent of Schools improperly terminated plaintiff’s substitute teacher’s license. (See Barringer v. Powell, 230 N. Y. 37.) This would seem to be adequate refutation of the argument that the superintendent could have terminated the license for reason or for no reason such as asserted by defendant.
The motion is denied.