In the Matter of the Application of GERTRUDE EPSTEIN, Appellant, for an Order against THE BOARD OF EXAMINERS OF THE BOARD OF EDUCATION OF THE CITY OF NEW YORK and WILLIAM J. McGRATH and Others, as Members of Said Board of Examiners, and FRANK P. GRAVES, as Commissioner of Education of the State of New York, Respondents.— Petitioner appeals from an order dismissing her petition, which prays for a review of the decision of the Commissioner of Education of the State of New York upholding the board of examiners of the board of education of the city of New York in its decision that petitioner was not qualified, and had not passed the examination for a license as teacher-in-training in the schools of the city of New York. It appears that one of the requirements fixed by the board of examiners was a recommendation by the chief executive of the college or school from which the applicant received her degree. This recommendation was refused by the college authorities for substantial reasons. A further ground for the denial was that she concealed from the board that she had been

employed by persons engaged in conducting a newspaper and in spreading propaganda in furtherance of Communism. The board did not act in an arbitrary or capricious manner. Nothing appears which indicates that a review of the entire record would disclose a justiciably reviewable fact. (Education Law, § 890; Civ. Prac. Act, § 1296.) Order affirmed. Hill, P. J., Rhodes, Crapser and Heffernan, JJ., concur. McNamee, J. I concur in the result, but not on the ground that the petitioner did not pass the examination prescribed for public school teachers in New York city. Neither do I concur on the ground that the petitioner was bound to secure the approval or the recommendation of the head of the college from which she was graduated. The fact is that petitioner did pass the required scholastic examination, and was not excluded for that reason. The statute does not empower the head of the college to determine the fitness of those who may teach in the public schools of the city, and a rule of the board to that effect would be without force.