Victor L. Anfuso, J.
Petitioner pursuant to this article 78 proceeding seeks restoration of a New York Gity school system substitute teaching license which had been revoked upon alleged moral grounds. Insofar as pertinent here the facts are as follows: Petitioner received a substitute license sometime prior to 1960. Pursuant to section 242 of the By-Laws of the Board of Education such license is “ subject to termination at any time by the Superintendent of Schools.” In January of I960 there was an incident involving petitioner and some students at a school where he taught and he was warned that his license would be cancelled if there was any further repetition of this conduct. In January, 1962 he was arrested on a morals charge and his license suspended until April 22, 1962 when it was restored following an acquittal. On May 11, 1964 he was again arrested on a similar charge and the respondent, acting *763 through an Associate Superintendent, revoked his license upon a summary notice and hearing. Although petitioner was subsequently acquitted, respondent has refused to reinstate his license. Ooneededly neither the notice nor the hearing complied with procedure normally mandated in the case of a teacher with tenure who could be removed only for “ cause ”.
It is petitioner’s contention that he was not accorded such notice and hearing as required by the terms of .section 3018 of the Education Law. Respondent claims that section 3018 is not applicable to a teacher in the schools under jurisdiction of the Board of Education of the City of New York. Section 3018 reads as follows :
“ § 3018. Revocation of certificate by district superintendent. A district superintendent shall examine any charge affecting the moral character of any teacher within his district, first giving such teacher reasonable notice of the charge, and an opportunity to defend himself therefrom; and- if he find the charge sustained, he shall annul the teacher’s certificate, by whomsoever granted and declare him unfit to teach; and if the teacher holds a certificate of the commissioner of education or of a former superintendent of public instruction or a diploma of a state college for teachers or state teachers college, he shall notify the commissioner of education forthwith of such annulment and declaration.”
The court is constrained to agree with the respondent’s view that the New York City Board of Education is not governed by the provisions of section 3018. The genesis of this section may be of -some help. With some minor variations in language it derives from former section 556 of the Education Law which was at one time section 554 as enacted in 1909 derived from Consolidated School Law of 1894 (L. 1894, ch. 556, tit. Y, § 13, subd. 6) which in turn stems from chapter 555 of the Laws of 1864 (tit. II, § 13, subd. 7). These earlier versions in 1864 and 1894 were intended to apply State-wide and except for the fact that they were listed under powers and duties of School “Commissioner” (instead of “District Superintendent ” as presently constituted) are virtually identical with the present section. There does not appear to be any “District Superintendent ” in the New York City School System. There are no .school districts within the City of New York similar to those established outside the city. The Education Law repeatedly distinguishes between “District Superintendent” who normally functions in rural and suburban areas of the State and a “ Superintendent ” such as the Board of Education of the City of New York employs. The system of “ super *764 visory districts ” is set forth in article 45 of the Education Law which also states by section 2202 that “ The office of District Superintendent of Schools is hereby continued”. The system of licensing, hearings, etc., prevailing in the Board of Education of the City of New York with some exceptions that are not pertinent here is separately treated in the Education Law and is peculiarly adapted to its own needs and functions. The instant case is not one of those exceptions.
Proceeding to the remaining phase of the petition as to whether the facts justify the revocation of the license, this court has very little discretion in the matter. Since the license may be terminated in accordance with respondent’s By-Laws “at any time ”, it follows that in the proper exercise of such power, respondent’s action is not subject to review by this court (Matter of Council v. Donovan, 40 Misc 2d 744; Bailey v. Richardson, 182 F. 2d 46, affd. 341 U. S. 918). As stated in Warner v. Board of Education (14 A D 2d 300, 303, affd. 12 N Y 2d 924): ‘ ‘ And she does not have the civil service tenure of a regular teacher. Her employment is strictly on a contractual basis and her rights, including the right of tenure and the right of compensation, depend entirely upon whatever contract, express or implied, she may have with the Board of Education. [Citing cases.] Lacking contractual protection, she would have no vested right to employment or to compensation ”.
The application is denied and the petition dismissed.