Walter R. Hart, J.
In this proceeding pursuant to CPLR article 78, petitioner seeks review and annulment of the determination which terminated her employment as a substitute public school teacher upon her failure in the physical and medical examination, and ‘' for an order requiring respondent to restore ” such substitute license to her.
The submitted papers show that petitioner filed her application on June 21,1963 for the announced examination for license as substitute teacher of common branches in day elementary school (grades 1-6) of this city; that the requisite conditions for eligibility plainly appeared on respondent’s announcement as did also the scope of the examination and as here materia] petitioner was to receive or attain, together with other required passing grades, the mark of “ satisfactory ” on that part of the examination titled ‘ ‘ Physical and medical test”; that albeit petitioner was not as yet given this last test, by reason of the alleged shortage of teachers, she was issued a substitute *1027 license dated July 24, 1963 upon respondent’s recommendation to the Superintendent of Schools, subject, however, to the conditions appearing in respondent’s announcement {supra); that such substitute license issued to petitioner had imprinted thereon, as here pertinent, the following:
“ EXCERPT'S FROM BY-LAWS AND REGULATIONS OF BOARD OF EDUCATION
“ Section 242 — Term of Substitute Licenses.
‘ ‘ Substitute licenses shall be issued by the Superintendent of Schools, subject to termination at any time by the Superintendent of Schools ’ ’;
that petitioner taught during the school year September, 1963 to June 26, 1964; that by reason of her failure to pass the physical and medical examination, substitute license issued to petitioner was terminated on June 30, 1964.
The fact is noted, that petitioner’s papers are devoid of any challenge or claim that the finding of the medical staff members was unjust or unreasonable. The only challenge appears to be as to respondent’s power to deny her the right to continue in possession of the substitute teacher’s license. Section 224 of the By-Laws of the Board of Edudation of the City of New York states, as here material: “ Substitute license means a license issued by the Superintendent of Schools upon the recommendation of the Board of Examiners and pursuant to which license the holder thereof may serve temporarily, in the field covered by said license”. The same mandate as to the issuance of license by the Superintendent of Schools upon the recommendation of the Board of Examiners appears in section 234 of the By-Laws, and subdivision 7 of section 2566 of the Education Law. It therefore is clear that respondent is not empowered to issue licenses and the fact that respondent has no power to revoke or terminate licenses is conceded.
It appears that petitioner received a passing grade in the English and interview tests, and pursuant to and in accordance with the terms of the examination announcement and as requested, she appeared on May 6, 1964 for her physical and medical examination. This test was conducted ,by two members of the medical staff of the Board of Education. The findings of the two doctors, in which a third member of the medical staff concurred, was that petitioner was found “ not fit ” for service because of obesity — overweight. Such conclusion was based upon the results of the examination which showed that petitioner was 22 years of 'age, weighed 243 pounds and her height was 69 inches; that the standard weight for her height and build *1028 was 174 pounds. The conclusion thus reached was that petitioner was 69 pounds overweight and therefore not fit for service.
Petitioner does not controvert nor deny and the court cannot overlook nor ignore the fact that she was apprised of the conditions under which the substitute teacher’s license was issued to her, one of the conditions being that a “ .satisfactory ” rating was to be attained in the physical and medical examination. Since the standard of eligibility must 'be fair to all (Matter of Andresen v. Rice, 277 N. Y. 271), respondent could not change the required criteria solely to benefit petitioner (Matter of O’Brien v. Delaney, 255 App. Div. 385, afifd. 280 N. Y. 697).
Since petitioner with knowledge and understanding applied for and took the examination given by respondent as authorized and pursuant to its duty (By-Laws, art. VII, § 67, par. 2), she was bound by all the requirements and conditions relevant thereto. Upon her failure to receive the “ satisfactory ” rating oil one phase of the test, the Board of Examiners had no alternative other than to certify to the Superintendent of Schools that petitioner’s extension of validity of her license beyond June 30, 1964 be refused. Harsh as it may seem, the court is without authority to change the result. Under the circumstances here shown, it cannot “be said that the board in this case fixed standards which were unreasonable with respect to the physical fitness of candidates. The rule of law is that, unless the standards applied by the appointing body are so clearly irrelevant and unreasonable as to palpably be arbitrary and improper they are to be sustained (People ex rel. Moriarity v. Creelman, 206 N. Y. 570, 576). ’’ (Matter of Strauss v. Hannig, 256 App. Div. 662, 664, affd. 281 N. Y. 612; Warner v. Board of Educ., 12 N Y 2d 924, affg. 14 A D 2d 300.) The petition is accordingly dismissed.