In the Matter of RONALD G. WHITE, Petitioner, *v.* BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.

Supreme Court, Special Term, New York County, June 22, 1966.

*Levien & Goffen* for petitioner. *J. Lee Rankin, Corporation Counsel,* for respondents.

MARGARET MARY J. MANGAN, J. Petitioner commenced this article 78 proceeding for judgment (a) annulling the determination of respondent Board of Examiners that petitioner's record was unsatisfactory in connection with his examination for license as a regular teacher of common branch subjects in day elementary schools and terminating the validity of such license; (b) annulling the action of respondent Superintendent of Schools in terminating his services as a regular teacher of common branch subjects under such license as of August 31, 1965; and (c) directing the respondents to reinstate him as a regular teacher with back pay from September 1, 1965 to the date of his reinstatement.

Petitioner was employed as a substitute teacher for approximately 2 years up until June, 1964. From September 9, 1964 until June, 1965, petitioner was employed as a regular teacher, having passed the written portion of the examination therefor and having been issued a conditional license as of February 26, 1964 " *subject to investigation of record* and to verification of eligibility and examination ratings " in accordance with the recommendations of the Board of Examiners and pursuant to section 234 of the by-laws of the Board of Education. It is undisputed that petitioner, upon service of a short probationary period, was to have obtained tenure as a permanent teacher on September 9, 1965.

However, on June 29, 1965 the Board of Examiners notified petitioner that his record was unsatisfactory, and, based upon said recommendation, petitioner's conditional license was terminated as of August 31, 1965. He appealed such unsatisfactory rating to the Committee on Appeals of the Board of Examiners but his appeal was denied.

He thereupon commenced this proceeding, contending that he had already acquired tenure as a regular teacher and that his license could not summarily be revoked without notice of charges and a hearing. Petitioner also claims that the board rated his record " unsatisfactory " in an arbitrary, capricious manner, that it had no right to take into consideration petitioner's record subsequent to the date on which he was notified that he had passed the examination (March 17, 1964) and that petitioner was denied due process because he was not apprised in advance

of the interview on his record the specific matters which would be inquired into.

There is no dispute about the fact that the scope of the examination for license which petitioner took in November, 1963 included " an appraisal of record " and that the license issued to petitioner was conditional and " subject to investigation of record ". Upon issuance of such conditional license, the Board of Examiners, *as part of the examination for license* (by-laws, § 11) commenced an examination of petitioner's record and found it to be unsatisfactory.

Subdivision 1 of section 11 of said by-laws, reads in pertinent part: " As part of any examination, the Board of Examiners shall appraise the record of applicants who have reached this part of the examination * * * The record of an applicant up to the time of final action on his application may be made the subject of appraisal. Positive evidence of fitness in the matter of record shall be required. The Board of Examiners shall refuse to recommend the issuance of license or certificate of competency to an applicant whose record is adjudged ' unsatisfactory ' ".

The primary basis for petitioner's unsatisfactory rating was his conduct as a substitute teacher at Public School No. 65, Brooklyn, between March 19, 1964 and May 15, 1964 which culminated in his dismissal from that school by the Assistant Superintendent of Schools, at the request of the Principal, for insubordination, for failure to show courtesy and respect for lawful authority and for his inability to get along with fellow teachers. Petitioner's substitute license had thereafter been revoked for conduct unbecoming a teacher.

Petitioner was summoned to appear before the Board of Examiners to be questioned about the sufficiency of his record on March 5, 1965. At that time, he was confronted with a six-page report prepared by his former principal at Public School No. 65 which chronologically documented the petitioner's alleged erratic behaviour prior to dismissal from that school and petitioner was given a full opportunity to rebut the contents of that report and other critical reports of petitioner's conduct at schools where he had previously taught. At the close of said interview, petitioner was given the opportunity to submit any further materials he wished to have the board consider before rendering its decision. It appears that petitioner attempted to excuse his admittedly foolish behaviour by claiming it was the result of harassment from the teacher in charge complicated by his marital troubles.

On the record before this court, it appears that the license which was issued to the petitioner was conditioned upon his passing the entire examination, which included an appraisal of his record. His record was carefully reviewed and was deemed unsatisfactory. Hence, he never in fact passed the entire examination for regular teacher and the termination of his conditional license, which had been issued prior to completion of the investigatory portion of the examination in accordance with section 234 of the by-laws of the Board of Education because of the teacher shortage, was terminated in accordance with law (*Matter of Tripp* v. *Board of Examiners,* 44 Misc 2d 1026).

There is no merit to petitioner's claim that his record subsequent to being notified that he had passed the written portion of the examination should not have been considered by the board. Section 11 of the by-laws of the Board of Education, which has the force and effect of statute, states that the record of an applicant "up to the time of *final action* on his application may be made the subject of appraisal". Moreover, this court recently held, in *Runge* v. *Board of Examiners* (N. Y. L. J., April 21, 1966, p. 16, col. 4 [GOLD J.]) that the board, in rating an applicant, could properly consider an applicant's conduct subsequent to the time his name was placed on the eligible list.

This court cannot say, on the evidence before it, that the respondents rated petitioner's record unsatisfactory in an arbitrary or unreasonable manner. The facts detailed in the six-page report of Miss Sullivan, the teacher in charge at Public School No. 65, clearly provides a proper and reasonable basis for such rating, and this court will not substitute its judgment for that of the Board of Examiners (*Matter of Epstein* v. *Board of Examiners,* 162 Misc. 718, affd. 255 App. Div. 745, mot. for lv. to app. den. 279 N. Y. 784; *Matter of Barnett* v. *Fields,* 196 Misc. 339, affd. 276 App. Div. 903, affd. 301 N. Y. 543).

The petitioner's contentions, that the respondents had no right to summarily terminate his regular teaching license on finding his record to be unsatisfactory and that he was entitled to a fair and complete hearing of the charges against him, were recently considered and rejected by this court in *Range* v. *Board of Examiners* (*supra*). The Education Law makes a hearing mandatory only in the case of dismissal of a tenured teacher (Education Law, §§ 2573, 3012, 3013). The services of a person appointed for a probationary period may be terminated by the board at any time during such probationary period

without a hearing (*Matter of Grace* v. *Board of Educ. of City of N. Y.*, 19 A D 2d 637).

In this case the petitioner was merely an applicant who failed to pass the entire examination for regular teacher and, of course, he never attained the status of a tenured regular teacher.

Under the circumstances, the petitioner's services were terminated in a proper manner and in accordance with the law. Accordingly, the petitioner's application is denied in all respects and the respondents are entitled to judgment dismissing the petition.