Leslie **CANTY, Jr., Plaintiff,**

v.

The **BOARD OF EDUCATION OF the CITY OF NEW YORK, Defendant.**

No. 70 Civ. 303.

United States District Court,
S. D. New York.

Jan. 21, 1971.

Leslie Canty, Jr., pro se.

J. Lee Rankin, Corp. Counsel of the City of New York, New York City, for defendant; Charles D. Maurer, Asst. Corp. Counsel, of counsel.

EDWARD WEINFELD, District Judge.

Plaintiff, a regular substitute teacher, was employed at Junior High School 136, Manhattan, New York, from September 5, 1969, to October 10, 1969, when he was given an unsatisfactory rating by his principal and discharged. The reasons assigned for the unsatisfactory rating included plaintiff's use of physical force on pupils, use of "bad language" in class, sleeping on the job, and unauthorized absence. After a conference pursuant to the grievance procedure of the Collective Bargaining Agreement between the Board of Education and the United Federation of Teachers, the Acting District Superintendent upheld the dismissal, but also determined that plaintiff was entitled to ten days' notice thereof in the absence of an emergency, and directed that he receive ten days' pay from the date of dismissal. Thereafter, although plaintiff's time to appeal had run, his request was granted for a hearing on appeal from the unsatisfactory rating, pursuant to section 105a of the by-laws of the Board of Education, and after review a decision was rendered upholding the unsatisfactory rating.

Cutting through the various conclusory allegations of the complaint and plaintiff's affidavit on this motion, it is clear that his basic contention is that the discharge, the unsatisfactory rating and the hearing upholding it were "arbitrary and capricious," and he also appears to make some claims of procedural invalidity. This is no civil rights case merely because it is labelled as such. Indeed, plaintiff describes his action as one for "negligence and discrimination for wrongful treatment because of charges of alleged incidents, conscious conduct and suffering as a result of unsatisfactory rating and dismissal of employment on October 10, 1969." Plaintiff's remedy if aggrieved, and of which he has not availed himself, was to seek review of the unsatisfactory rating by an Article 78 proceeding, CPLR § 7803; cf. White v. Board of Educ., 52 Misc.2d 911, 277 N.Y.S.2d 359 (Sup.Ct.1966); People ex rel. Graves v. Barber, 86 N.Y. S.2d 532 (Sup.Ct.1947), or by an appeal

to the State Commissioner of Education under section 310 of the New York State Education Law, McKinney's Consol. Laws, c. 16. The fact that he did not and up to now has not sought to proceed under available state remedies, and that, as he alleges, those remedies may by now be time barred, does not give him a right to proceed in the federal courts. Any claim of violation of federal constitutional rights with respect to the hearing may be, or could have been, asserted in any state proceeding challenging the validity of his rating. *Cf.* Negron v. Wallace, 436 F.2d 1139 (2d Cir. 1971); Eisen v. Eastman, 421 F.2d 560, 567–69 (2d Cir. 1969); Potwora v. Dillon, 386 F.2d 74 (2d Cir. 1967).

The defendant's motion to dismiss the complaint is granted.