**Leslie CANTY, Jr., Plaintiff-Appellant,**

**v.**

**The BOARD OF EDUCATION OF the CITY OF NEW YORK, Defendant-Appellee.**

**No. 171, Docket 71-1312.**

United States Court of Appeals, Second Circuit.

Submitted July 28, 1972.

Decided Dec. 29, 1972.

Louis L. Hoynes, Jr., Richard A. Bertocci, Willkie Farr & Gallagher, New York City, for appellant.

Stanley Buchsbaum, Nina G. Goldstein, Norman Redlich, Corporation Counsel, City of New York, New York City, for appellee.

Before SMITH and HAYS, Circuit Judges, and POLLACK, District Judge.*

HAYS, Circuit Judge:

This appeal is before us again on remand from the Supreme Court, 408 U.S. 940, 92 S.Ct. 2874, 33 L.Ed.2d 765. When the appeal was here earlier we affirmed an order of the United States District Court for the Southern District of New York, 332 F.Supp. 1009, which dismissed the appellant's complaint on the appellee's motion for summary judgment. The claims of the appellant are based upon his being discharged from the position of substitute teacher in the New York City school system without being accorded a full trial-type hearing on the charges against him. Appellant believes that he was denied due process of law. He asserts jurisdiction under the Fourteenth Amendment and under 42 U.S.C. § 1983 (1964) and 28 U.S.C. § 1343(3) (1964). On the earlier appeal we affirmed the determination of the district court on the ground that the complaint did not state a claim properly cognizable in the federal courts, 448 F. 2d 428 (2d Cir. 1971). Our opinion relied upon the distinction between personal liberty and proprietary rights—as the determinative factor in the exercise of § 1343(3) jurisdiction—enunciated in

Hague v. CIO, 307 U.S. 496, 531, 59 S.Ct. 954, 83 L.Ed. 1423 (1939). The Supreme Court in Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972) rejected this distinction. It vacated our judgment in the present case and remanded the case to us "for further consideration in light of Perry v. Sindermann [408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972)], Board of Regents of State Colleges v. Roth, [408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)] and Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972)." Upon such further consideration we hold again that the order of the District Court must be affirmed.

The facts of this case are fully set forth in our prior opinion. Appellant Canty was a substitute teacher in the New York City school system and he held (and still holds) a substitute teacher's license. After teaching for one month in 1969 as a regular substitute at a junior high school in New York City, appellant was given an unsatisfactory performance rating and was discharged on an emergency basis which meant that he was not entitled to the 10 days notice and severance pay which would otherwise have been his due. The discharge did not result in revocation of Canty's substitute teacher's license nor did it bar him from teaching as a substitute in the other city schools to which his license was applicable.

Several reasons were given by appellant's principal for his dismissal, all of them reflecting on Canty's conduct as a teacher. Canty denied all of those charges and claimed, *inter alia*, that false complaints had been made against him by his students because they were out to "get rid" of him. He filed a complaint with the New York City Human Rights Commission which resulted in a stipulation that that complaint would be dismissed if he were given a hearing by the Board of Education. Such a hearing

---

* Of the United States District Court for the Southern District of New York, sitting by designation.

was held pursuant to the collective bargaining agreement between the Board and the United Federation of Teachers. The result of that "Step 1" grievance proceeding was an affirmance of the principal's finding that an emergency existed which justified the discharge of the appellant without notice or pay. At the next procedural level ("Step 2"), however, the determination of "emergency" was reversed and Canty was awarded 10 additional days salary. He requested a "Step 3" hearing but this was denied because under the by-laws of the Board of Education his unsatisfactory rating—the basis for his discharge—was reviewable by the Superintendent of Schools and was not the proper subject for a grievance proceeding. Appellant was granted a hearing before an Assistant Superintendent despite the fact that his request for such a proceeding before the Superintendent was late and the time limitation had to be waived. At the hearing the appellant, his principal, a fellow teacher and a union representative testified. Canty's appeal was denied. Although appellant had thirty days in which to appeal that decision he did not do so. He later claimed that he did not know of the provision for the further appeal.

 Appellant's status as a substitute teacher in the New York City school system is "probationary." The New York City Board of Education does not give tenure to substitute teachers whether they are assigned on a *per diem* basis or are "regular" substitutes, as was appellant in this case. See Warner v. Board of Education, 14 A.D.2d 300, 220 N.Y.S.2d 794 (1st Dept. 1961), aff'd, 12 N.Y.2d 924, 238 N.Y.S.2d 313, 188 N.E. 2d 525 (1963). The collective bargaining agreement between the United Federation of Teachers and the Board of Education does not give substitute teachers any contract rights to claim tenure. The mere subjective expectancy of tenure did not entitle appellant to the full scale due process hearing to which a government employee is entitled when his employment falls within the Fourteenth Amendment's protection of liberty and property. See Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

The procedures provided by the New York City Board of Education in this case—including the presentation of witnesses—were adequate for a review of the issues involved in appellant's dismissal. With no contract rights, no tenure or rights thereto, a substitute teacher in the position of the appellant is not entitled to a full trial-type hearing. The appellant's employment was terminable "at any time by the Superintendent of Schools." By-Laws of the Board of Education of the City of New York, § 242. If such discharges were reviewable in the Federal Courts on the basis of mere contentions that the dismissals lacked "due process," the discretion vested in the Superintendent of Schools would be meaningless. See Giangrande v. Board of Education, 44 Misc.2d 762, 254 N.Y.S.2d 643 (Sup.Ct. 1964); Freeman v. Gould Special School District, 405 F.2d 1153 (8th Cir.), cert. denied, 396 U.S. 843, 90 S.Ct. 61, 24 L.Ed.2d 93 (1969).

We affirm the order of the district court.