Alexander Del Giorno, J.
The State has moved for an order dismissing the above-entitled claim on the grounds that this court lacks jurisdiction of the subject matter and the claim fails to state a cause of action.
Claimant, Louis L. Friedman, was elected to the office of Justice of the Supreme Court of the State of New York for a period of 14 years commencing on January 1, 1957. On July 2, 1962, a request was made to convene the Court on the Judiciary to consider matters involving the conduct of claimant arising out of matters disclosed in a report of Mr. Justice Bernard S. Meter, filed in the Appellate Division, Second Department in a proceeding entitled 1 ‘ In the Matter of M. Malcolm Friedman, an Attorney, Denis M. Hurley, Petitioner; M. Malcolm Friedman, Respondent.” Acting in response to this request, Chief Judge *456 Desmond of the Court of Appeals began the necessary preparations and, on August 15, 1962, the Court on the Judiciary ivas convened pursuant to section 9-a (now § 22 of Article VI) of the New York State Constitution.
After trial, the Court on the Judiciary entered a determination on February 22, 1963, removing claimant from his office as Justice of the Supreme Court. (Matter of Friedman, 12 N Y 2d [a]-[e] [1963].) Thereafter, claimant prepared and forwarded an affidavit and proposed order to show cause why the determination (which claimant referred to as an order) of February 22,1963 should not be vacated on the grounds that the Court on the Judiciary was without jurisdiction to enter such a removal order. The first of the three grounds asserted in the affidavit was that the court was without jurisdiction to entertain the removal proceedings since only four members were present at the initial organizational meeting of August 15, 1962. The second ground was that the court did not properly comply with the requirement for giving written notice of the nature of the charges to the State officials entitled thereto, and was, therefore, without jurisdiction to proceed. The final ground was that the Court on the Judiciary lacked jurisdiction to conduct removal proceedings because the court acted as prosecutor, Judge and jury in violation of claimant’s right to due process under the Fourteenth Amendment. The court regarded claimant’s proposed order to be in the nature of a motion to set aside its determination, and considered it on the merits. By order dated April 3, 1963, the Court on the Judiciary denied the motion to vacate the order of February 22,1963. (Matter of Friedman, 12 NY 2d [e] [1963].)
Subsequent to that determination, claimant appealed the removal order to the Appellate Division, Third Department, and, concurrently, commenced an article 78 proceeding, requesting that court to review the determination of the Court on the Judiciary. The Third Department dismissed both the appeal and the article 78 proceeding on the ground that the Court on the Judiciary was a court of co-ordinate or superior jurisdiction to the Appellate Division, and, therefore, it lacked jurisdiction to grant the relief requested. (Matter of Friedman, 19 A D 2d 120 [3d Dept., 1963].) Thereafter, an appeal was taken to the United States Supreme Court which was dismissed for want of a substantial Federal question. (Matter of Friedman, 375 U. S. 10 [1963].) Claimant initiated no further steps to obtain a direct review of the determination of the Court on the Judiciary. Irrespective of the merits or results to be achieved, this court is of the opinion that the fatal error made by the claimant *457 was in not appealing directly to the Court of Appeals from the ruling of the Court on the Judiciary.
On August 16, 1963, claimant filed a notice of intention to file a claim in this court, followed by the filing of a formal claim on February 18, 1965. The gravamen of the claim is that there is due and owing to claimant from the State of New York, pursuant to section 142 of the Judiciary Law, the amount of $41,769.84 as salary for the period February 23,1963 to February 17, 1965. It is also alleged that the State’s obligation is and will be a continuing one up to and including December 31, 1970, the last day of the term of office to which claimant was elected. A companion action Avas also commenced in the Supreme Court, New York County, against the City of New York for its share of claimant’s over-all salary. By stipulation of the parties, that action has been held in abeyance pending a determination of the proceedings in this court.
Ostensibly, the present claim is an action at law for accrued salary. In actuality, however, it is a collateral attack upon the jurisdiction of the Court on the Judiciary. The law is clear in New York that a public employee must establish his right to his position prior to maintaining an action at law for accrued salary. (Austin v. Board of Higher Educ. of City of N. Y., 5 N Y 2d 430 [1959].) However, there is authority for the proposition that where such an employee has been illegally removed, he may be allowed to sue for damages without first obtaining reinstatement. (Steinson v. Board of Educ. of City of N. Y., 165 N. Y. 431 [1901]; cf. Burke v. Holtzmann, 196 N. Y. 576 [1909].) Accordingly, the argument is made that the determination of the Court on the Judiciary in the removal proceedings against claimant was made without jurisdiction; therefore, claimant was never legally removed, remains a Justice of the Supreme Court and, as such, is entitled to maintain this claim for salary.
It is unquestioned that a court must have jurisdiction in order to render a valid determination, and a judgment or determination granted Avithout jurisdiction may be attacked either directly or collaterally. However, issues of jurisdiction may be, as any other matter, the subject of res judicata. (United States v. Eastport S.S. Corp., 255 F. 2d 795 [2d Cir., 1958].) A court has authority to pass upon its oavu jurisdiction, and its determination sustaining jurisdiction against attack, A\Tkile open to direct revieAv, is res judicata in a collateral action. (Chicot County Dist. v. Bank, 308 U. S. 371 [1940].) Claimant here raised the question of jurisdiction in the proceedings before the Court on the Judiciary, and the issue was determined *458 adversely to him. However, even had he not litigated the question, the result, insofar as it would prohibit a collateral attack such as here attempted, would be the same, the rule being that the doctrine of res judicata is a bar not only to matters actually presented, but also as respects any other available matter which might have been presented in the earlier proceeding. (Chicot County Dist. v. Bank, supra; cf. Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304 [1929].)
The doctrine of res judicata is not restricted to factual determinations. It is equally applicable to questions of jurisdiction over the subject matter and to issues of law. (Stoll v. Gottlieb, 305 U. S. 165 [1938].)
The doctrine of res judicata in questions of jurisdiction over the person and over the subject matter reflects a sound public-policy that there should be repose in litigation. (Peri v. Groves, 183 Misc. 579 [Sup. Ct., N. Y. County, 1944].) It is just as important that there should be a place to end as that there should be a place to begin litigation. If the Court on the Judiciary exceeded the jurisdiction conferred upon it under article VI of the New York State Constitution, claimant’s remedy was by direct review. The motion to dismiss is granted.