LOUIS L. FRIEDMAN, Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 44913.)

Third Department, January 23, 1968.

*Davis, Polk, Wardwell, Sunderland & Kiendl* (*John T. DeGraff* and *Richard E. Nolan* of counsel), for appellant.

*Louis J. Lefkowitz,* Attorney-General (*Ruth Kessler Toch* and *Jeremiah Jochnowitz* of counsel), for respondent.

STALEY, JR., J. This is an appeal from a judgment and order in favor of respondent, upon a decision of the Court of Claims which dismissed appellant's claim for salary allegedly due him as an elected Supreme Court Justice.

At the general election in November, 1956, claimant-appellant was duly elected to the office of Justice of the Supreme Court of the State of New York, Second Judicial District, for a term of 14 years commencing January 1, 1957, and terminating December 31, 1970, and duly qualified by filing his oath of office and, on January 1, 1957, assumed said office. On February 22, 1963 an order was made by the Court on the Judiciary removing appellant from his office as Justice of the Supreme Court, proceedings having previously been held pursuant to section 9-a (now § 22) of article VI of the Constitution of the State of New York. (*Matter of Friedman,* 12 N Y 2d [a]-[e].)

Thereafter, appellant challenged the jurisdiction of the Court on the Judiciary to make an order removing him from office, asserting that the court was without jurisdiction to entertain the removal proceeding since only four members were present at the initial organization meeting held on August 15, 1962; that the written notice of the nature of the charges against him, required by the Constitution, was not given to the State officials entitled thereto; and that because the court acted as prosecutor, Judge and jury, appellant's right to due process under the Fourteenth Amendment of the United States Constitution was violated. The Court on the Judiciary, considered appellant's motion to set aside its determination on the merits, and by order dated April 3, 1963, denied the motion. (*Matter of Friedman,* 12 N Y 2d [e].)

On August 16, 1963 claimant filed a notice of intention to file a claim with the Clerk of the Court of Claims. On February 18, 1965 a formal notice of claim was filed, wherein the appellant alleged that he was a duly elected and qualified Justice of the Supreme Court, and was entitled to the salary of such office; that the State of New York had failed to pay such salary for the period commencing February 23, 1963 to February 17, 1965, and sought judgment awarding him the amount of such salary and all additional sums which would become due to the date of entry of judgment, together with appropriate interest.

On August 29, 1966 the respondent moved for an order dismissing the claim on the grounds that the Court of Claims lacked jurisdiction of the subject matter, and that the claim failed to state a cause of action. The notice of motion indicated that it was being brought " upon the decision and order of the Court on the Judiciary, dated February 22, 1963 * * * and upon the claim and all papers and proceedings herein ".

The Court of Claims dismissed the claim on the ground that the claim was a collateral attack upon the jurisdiction of the Court on the Judiciary and that question, having been litigated

and determined adversely to the claimant before the Court on the Judiciary, the doctrine of *res judicata* applied and barred the prosecution of the claim. The Court of Claims further concluded that the doctrine of *res judicata* applied to issues of fact and to issues of law and, if the Court on the Judiciary exceeded its jurisdiction, the "claimant's remedy was by direct review". (*Friedman* v. *State of New York,* 53 Misc 2d 455.)

The jurisdiction of the courts of the State rests upon law, both statutory and constitutional. A court without jurisdiction of the subject matter of an action, cannot acquire jurisdiction by an erroneous decision that it has jurisdiction, and the objection of want of jurisdiction may be raised at any stage. (*Matter of Baltimore Mail S. S. Co.* v. *Fawcett,* 269 N. Y. 379.)

On the motion to vacate the determination removing appellant from office, the Court on the Judiciary held on the basis of the proposed order to show cause and movant's supporting papers, without convening to hear argument, receive briefs or discussing the motion, that it was properly convened and had acted pursuant to the provisions of the Constitution which was, in effect, a determination that it had jurisdiction over the subject matter.

The Court on the Judiciary is a court of original jurisdiction but with limited power; that is, the removal of certain Judges from office. It has no appellate or review powers and is authorized by the Constitution to act only in compliance with the provisions of the Constitution and acquires no jurisdiction unless and until it does so.

The Restatement of the Law of Judgments (1942) states: "§ 8 — A judgment is void if there is failure to comply with such requirements as are necessary for the exercise of power by the court." "§ 11 — A judgment which is void is subject to collateral attack both in the State in which it is rendered and in other States."

The question to be determined here is whether or not the Court on the Judiciary could, as a matter of law, confer jurisdiction upon itself that was immune from further attack. Where a collateral attack is directed not at factual issues previously litigated, but rather at the legal jurisdiction of the court over the subject matter, a collateral attack on the legal conclusion of the prior court is proper. (*Vander* v. *Casperson,* 12 N Y 2d 56.)

In the leading case of *O'Donoghue* v. *Boies* (159 N. Y. 87, 98, 99, 100), the Court of Appeals upheld a collateral attack upon a prior judgment for a partition sale stating as follows: "The question therefore, is not what has been decided by the court in which the sale was ordered, but what it had jurisdiction and power to do. * * * The want of jurisdiction to render the

particular judgment may always be asserted and raised directly or collaterally, either from an inspection of the record itself when offered in behalf of the party claiming under it, or upon extraneous proof, which is always admissible for that purpose. There is but one solitary exception to this rule, and that is in a case where jurisdiction depends on a fact that is litigated in a suit and is adjudged in favor of the party who avers jurisdiction. Then the question of jurisdiction is judicially decided, and the judgment record ·is conclusive on that question until set aside or reversed by a direct proceeding. * * * While a court may acquire jurisdiction sufficient to exempt its judgment from collateral attack by deciding a disputed question of fact erroneously, it has never been held that it can acquire jurisdiction for any purpose by an error of law.''

The ·Court on the Judiciary, not having determined any disputed facts relative to jurisdiction, its ruling that it had jurisdiction could not preclude a subsequent collateral attack if, as a matter of law, it never had such jurisdiction. The determination of the Court on the Judiciary as to its own jurisdiction is, therefore, not *res judicata,* and does not preclude the appellant from raising the issue of the validity of the judgment asserted against him in the prosecution of his action in the Court of Claims.

The Court of Appeals, in the recent case of *Matter of Sarisohn* (21 N Y 2d 36, 41) decided December 7, 1967, involving an appeal from an order of removal of a Suffolk County District Judge stated: '' Moreover, there is some hypothetical basis for at least a threshold review in removal proceedings of this nature even when full reviewability is not available.'' (Citing *Matter of Droege,* 197 N. Y. 44; *Matter of Friedman,* 19 A D 2d 120, app. dsmd. 375 U. S. 10.)

The Court of Claims, in determining that the doctrine of *res judicata* was not restricted to factual determinations but applied equally to issues of law, relied on the case of *Stoll* v. *Gottlieb* (305 U. S. 165). In that case the Supreme Court relied upon the fact that an actual controversy had been raised and the question of the jurisdiction over the subject matter litigated and determined adversely to the respondent.

In the other cases cited by the court below, *Chicot County Dist.* v. *Bank* (308 U. S. 371) and *United States* v. *Eastport S. S. Corp.* (255 F. 2d 795), the Federal courts were upholding the enunciated rules of Federal courts on the subject of *res judicata,* and in no way intended to alter the *res judicata* rules of the various States. The rule in the majority of States is that

*res judicata* does not apply to jurisdictional questions determined solely as an issue of law. (65 Harv. L. Rev. 818.)

The respondent further contends that the dismissal of the claim in the court below was justified, asserting that before the appellant could recover on his claim for salary, he must first be reinstated in the office for which he seeks his salary, relying on *Austin* v. *Board of Higher Educ.* (5 N Y 2d 430). In the *Austin* case the removal of the office holder was accomplished by a legally organized body with jurisdiction to enter a removal order in a proper case. The appellant here argues that the court which removed him was never legally organized. The court below (53 Misc 2d 455, 457) also stated that " there is authority for the proposition that where such an employee has been illegally removed, he may be allowed to sue for damages without first obtaining reinstatement. (*Steinson* v. *Board of Educ. of City of N. Y.*, 165 N. Y. 431; cf. *Burke* v. *Holtzmann*, 196 N. Y. 576.) " (See, also, *Matter of Raab* v. *Board of Trustees of Vil. of Ardsley*, 20 A D 2d 228.)

The appellant is entitled to a determination of the issue of whether or not compliance with the constitutional requirements has been met to confer jurisdiction on the Court on the Judiciary.

Since we have determined herein that, on the jurisdictional question, the Court of Claims erred in its holding that the judgment of the Court on the Judiciary was *res judicata*, and not subject to collateral attack, we have not reached the merits on which that judgment was based, and remit the case to the Court of Claims.

The judgment and order should be reversed, on the law and the facts, without costs, and the motion to dismiss should be denied.

Gibson, P. J. (dissenting). It is clear enough that the order of removal was final and effective. (See *Matter of Friedman*, 12 N Y 2d [a]-[e], app. dsmd. 375 U. S. 10; *Matter of Friedman*, 19 A D 2d 120.) It is unthinkable, then, in any sensible order of things, that claimant should be entitled to recover salary allocable to the office from which he was thus removed, and to which he cannot be restored, for services that he did not perform and could not have lawfully performed. Accordingly, the claim was properly dismissed. The same result was reached by the Appellate Division, First Department, which sustained the dismissal of an action, predicated on the same facts, against the Comptroller of the City of New York for the portion of the salary payable by the city. (*Matter of Friedman* v. *Beame*, 20 A D 2d 969.)

In my view, the claim before us would still have to be summarily dismissed, should respondent's objection to jurisdiction fail. The only question of any substance is whether the Court on the Judiciary was properly constituted by the attendance of but four of its six members at the initial meeting. As to that, the facts are undisputed and present no triable issue. The action taken at that meeting, including the adoption of the quorum rule, was preliminary, and was ratified and confirmed when the six members of the court proceeded in accordance therewith at all times thereafter; and, indeed, when the court itself unanimously denied appellant's subsequent motion to vacate, grounded on that same supposed defect. (*Matter of Friedman,* 12 N Y 2d [e].)

I vote to affirm.

HERLIHY, AULISI and GABRIELLI, JJ., concur with STALEY, JR., J.; GIBSON, P. J., dissents and votes to affirm, in a memorandum.

Judgment and order reversed, on the law and the facts, without costs, and motion denied.